■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GEORGE CRANDALL, Appellant. [606 NYS2d 357] —Mikoll, J. Appeal from a judgment of the County Court of Schenectady County (Sheridan, J.), rendered January 22, 1993, upon a verdict convicting defendant of, inter alia, the crime of aggravated unlicensed operation of a motor vehicle in the first degree.

Following defendant's stop for speeding on November 10, 1988 in the City of Schenectady, Schenectady County, by Police Officer Roy Edwardsen and his arrest for driving while intoxicated by fellow officer Daniel Moran, defendant was indicted on two counts of driving while intoxicated, as a felony

(Vehicle and Traffic Law § 1192 [2], [3], [5]), two counts of aggravated unlicensed operation in the first degree (Vehicle and Traffic Law § 511 [3] [a]) and speeding (Vehicle and Traffic Law § 1180 [b]). Count No. 4 of the indictment, the second count of aggravated unlicensed operation of a motor vehicle in the first degree, alleged that defendant: "did operate a motor vehicle while knowing his license to operate a motor vehicle in this State had been revoked pursuant to a conviction for DRIVING WHILE INTOXICATED and at the time of said operation, the said defendant was in an intoxicated condition in violation of Vehicle and Traffic Law Section 1192 (3)." This count was amended to add a violation of Vehicle and Traffic Law § 1192 (1). A later amendment eliminated the phrase "in an intoxicated condition" from count No. 4. Defendant was convicted following a jury trial of the crime of aggravated unlicensed operation of a motor vehicle in the first degree, as a felony, and the traffic infraction of speeding. He was sentenced to serve one year in prison and pay a fine of $1,000 on the felony, and pay a $100 fine for the traffic infraction.

On this appeal, defendant urges reversal contending that County Court erred in amending count No. 4 to include a violation of Vehicle and Traffic Law § 1192 (1) because the amendment does not meet the requirements of CPL 200.70 limiting such amendments. To the contrary, we hold that the amendment did not change the theory of the prosecution's case nor did it otherwise tend to prejudice defendant on the merits (see, CPL 200.70). The theory advanced to the Grand Jury was that defendant was guilty of aggravated unlicensed operation of a motor vehicle in the first degree (Vehicle and Traffic Law § 511 [3] [a]). This theory was not changed as it is irrelevant to a conviction for violating Vehicle and Traffic Law § 511 (3) (a) whether defendant violated subdivision (1) or subdivision (3) of Vehicle and Traffic Law § 1192, as a violation of either is sufficient to sustain a violation of Vehicle and Traffic Law § 511 (3) (a) (see, Vehicle and Traffic Law § 511 [3] [a] [ii]). The evidence before the Grand Jury was sufficient to sustain a finding that defendant was guilty of violating Vehicle and Traffic Law § 1192 (1) or (3) as the former is a lesser included offense of the latter (see, People v Hoag, 51 NY2d 632, 634). Further, defendant was not prejudiced because under Vehicle and Traffic Law § 1192 (9) he could have been convicted of violating either Vehicle and Traffic Law § 1192 (1), (2) or (3), although the charge in the indictment before the court was for a violation of Vehicle and Traffic Law § 1192 (3) (see, People v Clapper, 123 AD2d 484, 486, lv denied 69 NY2d 825).

Defendant's next claim that he was denied a speedy trial is rejected. The basis for defendant's assertion of undue delay in this instance is that the delay resulted from the improper and illegal appointment of a special prosecutor. This argument is not supported by the record. The District Attorney was properly disqualified because of his association with the attorney representing defendant earlier in this matter. Under CPL 30.30 (4) (g), this constitutes an extraordinary circumstance excludable from calculation on the speedy trial issue (see, People v Crandall, 185 AD2d 476, 478, lv denied 80 NY2d 895).

Defendant's argument that he was denied effective assistance of counsel, because his pretrial counsel did not submit written opposition to the motions to amend the indictment or file any other written motions, is rejected. Defense counsel represented defendant in two pending indictments. Defendant orally opposed the prosecution's motion to amend count No. 4 of the indictment in this case relying on papers presented in the other indictment. Review of the record as a whole indicates that defendant received meaningful representation of counsel (see, People v Baldi, 54 NY2d 137, 146-147; People v Hope, 190 AD2d 958, 959, lv denied 81 NY2d 972).

Finally, defendant's contention that the evidence was insufficient to establish that he operated a motor vehicle while knowing that his license had been revoked is without merit. The record indicates that the prosecution sustained its burden of proving beyond a reasonable doubt that defendant operated a motor vehicle while knowing or having reason to know that his license was revoked in violation of Vehicle and Traffic Law § 511 (3) (a). The Chief Clerk of the Schenectady City Court testified that defendant had signed an acknowledgment of the order of suspension or revocation. Defendant identified his signature on the order and testified that he believed that a stay on his prior conviction permitted him to drive. However, the order of stay provided that "jail along with any fine imposed, [should] be stayed pending the termination of the appeal taken". This evidence permitted a fact finder to conclude beyond a reasonable doubt that defendant knew that his license was revoked (see, People v Bleakley, 69 NY2d 490, 495).

Weiss, P. J., Mercure, Cardona and Mahoney, JJ., concur. Ordered that the judgment is affirmed, and matter remitted to the County Court of Schenectady County for further proceedings pursuant to CPL 460.50 (5).