■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v
STEVEN L. MORGAN, Appellant. [631 NYS2d 449] —Mikoll, J. Appeal from a judgment of the County Court of Tompkins County
(Sherman, J.), rendered March 18, 1994, upon a verdict convicting defendant of the crime of aggravated unlicensed operation
of a motor vehicle in the first degree.

At approximately 11:30 P.M. on September 4, 1992, and after
a three-mile chase, defendant was stopped for speeding by State
Trooper Thomas Huttleston. When defendant was asked to
produce his driver's license, he said he did not have one. In response to a follow-up "why?", defendant stated that he did not
have one because it was revoked. After failing field sobriety
tests, defendant was arrested for driving while intoxicated. Defendant was indicted for aggravated unlicensed operation of a
motor vehicle in the first degree and driving while intoxicated
as a felony. After trial, defendant was convicted of the aggravated unlicensed operation count. However, the jury was
unable to reach a verdict on the second count which included
the lesser included charge of driving while ability impaired.
The nature of the deadlock remained unexplored and the jury
was discharged without objection. Thereafter, the second count
was dismissed pursuant to CPL 310.70 (2) (b). Defendant appeals.

Defendant contends that the introduction into evidence of
the Department of Motor Vehicles abstract of his driving record without a proper certification pursuant to CPLR 4518 (c)
(see, People v Mertz, 68 NY2d 136) must result in a reversal, as
the remainder of the People's proof failed to prove that defendant was aware of his license revocation. We disagree. By
means of a certificate of conviction and an order of license revocation introduced without opposition, the People established
that defendant's driver's license had been revoked as the result
of a conviction for driving while intoxicated and that, at that
time, defendant was aware of the revocation. Huttleston's
testimony firmly established defendant's awareness of the
revoked status of his license at the time of the traffic stop.
Moreover, defendant admitted that his license had been
revoked and that he had failed to procure a reissuance of the
license. Any error with the introduction of the abstract was
harmless (see, People v Tinning, 142 AD2d 402, lv denied 73
NY2d 1022).

Defendant's contention that the verdict was repugnant was
not preserved at trial and, therefore, may not be considered on
appeal (see, People v Alfaro, 66 NY2d 985, 987). Any claim that
the verdict is repugnant must be made before the jury is

discharged and while it is still possible to resubmit the matter to the jury to obtain a consistent verdict (*see, People v Satloff*, 56 NY2d 745; *People v Stahl*, 53 NY2d 1048, 1050). While the nature of the jury's deadlock remained unexplored, our review of the record in the interest of justice reveal no inherent repugnancy. There was no verdict on the second count, where a guilty verdict on either the count itself, or its lesser included count, would have been consistent with the guilty verdict on the first count.

Cardona, P. J., Mercure, Yesawich Jr. and Peters, JJ., concur. Ordered that the judgment is affirmed, and matter remitted to the County Court of Tompkins County for further proceedings pursuant to CPL 460.50 (5).