*325 OPINION OF THE COURT
Memorandum.
Order affirmed.
On February 15, 1995, defendant appeared with counsel in the Nassau County District Court for arraignment on an information charging her with trespass (Penal Law § 140.05). The Nassau County Assistant District Attorney advised the court that because of a conflict, his office was not participating in the arraignment, and that his office would make all efforts to expeditiously make an application for the appointment of a Special Prosecutor. The defendant was arraigned, and the clerk of the court then stated "Counsel, March 17th?”, to which defense counsel responded "Thank you”. The Nassau County District Attorney submitted the application for the appointment of a Special District Attorney on February 16, 1995. The motion was granted by order of the court dated February 17, 1995, and the Suffolk County District Attorney was appointed as Special District Attorney for all purposes. The Suffolk County District Attorney’s Office was notified of said order by letter dated February 23, 1995, from the Nassau County District Attorney, which also enclosed the case file. In its May 1, 1996, order which granted defendant’s motion to dismiss on speedy trial grounds pursuant to CPL 30.30, the court below imputed notice of the appointment as of February 27, 1995, and excluded the period from February 15th to February 27, 1995 for the purpose of speedy trial computation as an exceptional circumstance (CPL 30.30 [4] [g]), but charged the People with the period from February 28th to March 17th (18 days). The court noted that during the hearing it was stipulated that 14 days were chargeable against the People. The court thus found a total of 32 days chargeable to the People, exceeding the 30-day statutory limit within which the People were required to be ready for trial, and dismissed the action pursuant to CPL 30.30 (1) (d). For the reasons set forth herein, we affirm.
It is well settled that the appointment of a Special District Attorney constitutes an extraordinary circumstance excludable pursuant to CPL 30.30 (4) (g) (see, People v Crandall, 199 AD2d 867; People v Crandall, 185 AD2d 476; People v Cummings, 159 Misc 2d 1118). Accordingly, the court below properly determined that the time period from February 15th to February 27, 1995, the date the court imputed notice of the appointment of the Special Prosecutor, was excludable. On appeal the *326 People’s sole argument is that the period from February 27th until March 17th should also have been excluded as an "exceptional circumstance”. The People, however, have not presented any factual circumstances to justify the period of delay from February 27, 1995, until March 17, 1995, so as to warrant its exclusion as an "exceptional circumstance”. Nor have they advanced any cogent argument in support thereof. The People’s position is based on their contention that the adjournment date of March 17,1995, was set by the court clerk, and that inasmuch as the Special Prosecutor was appointed after the adjournment date had been set, they lacked the power to control that date. The Court of Appeals has held, in situations analogous to the instant case, that delays caused by the court, such as delays in arraignment or other court congestion, do not excuse the People from timely declaring their readiness for trial (People v Smith, 82 NY2d 676, 678; People v Correa, 77 NY2d 930, 931; People v Brothers, 50 NY2d 413). The People’s argument, which in effect urges that they were precluded from declaring their readiness for trial from February 27, 1995, the date of imputed notice, until March 17, 1995, because this was the adjournment date set by the court, is unavailing. We note that the People’s communication of readiness for trial may be done either by a statement of readiness by the prosecutor in open court or through a written notice of readiness sent by the prosecutor to defense counsel and the appropriate clerk (see, People v Kendzia, 64 NY2d 331). The People could have avoided being charged with this period of delay occasioned by the scheduling of an adjournment date by the court clerk, by filing a certificate of readiness (see, People v Smith, supra, at 678). The People’s alternative contention that defendant consented to the delay is likewise without merit. "[C]onsent to an adjournment must be clearly expressed by the defendant or defense counsel to relieve the People of the responsibility for that portion of the delay” (People v Liotta, 79 NY2d 841, 843). Here, the statement by defense counsel, "Thank you” in response to the clerk’s statement, "Counsel, March 17th?” did not constitute a clear expression of consent, but only an acknowledgment of the specific date of adjournment, as the court below properly determined.
Ingrassia and Floyd, JJ., concur; Collins, J. P., taking no part.