■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RODNEY B. BROWN, Appellant. [662 NYS2d 934] —Carpinello, J. Appeal from a judgment of the County Court of Clinton County (Lewis, J.), rendered March 13, 1995, upon a verdict convicting defendant of the crime of assault in the third degree.

Defendant was indicted for assault in the third degree, rape in the first degree, three counts of sodomy in the first degree, sexual abuse in the first degree and assault in the second degree as the result of a February 27, 1994 incident in which he is alleged to have slammed his neighbor (hereinafter the victim) onto a couch, jumped on top of her, raped her and forced her to commit oral sex on several occasions. During the struggle, it was alleged that defendant choked the victim to the point where her tongue hung out, she could not breathe and almost "passed out". Following a jury trial, defendant was found guilty of assault in the third degree. The jury deadlocked on the charge of rape in the first degree and defendant was acquitted of the remaining charges.* Defendant now appeals, primarily arguing that the verdict was against the weight of the evidence, as well as inconsistent and repugnant.

With respect to his claim that the verdict is against the weight of the evidence, defendant attacks the sufficiency of the trial evidence as it related to the element of "physical injury" (Penal Law § 120.00 [1]), statutorily defined as "impairment of physical condition or substantial pain" (Penal Law § 10.00 [9]). Upon the exercise of our factual review power, we find that the jury's verdict is not against the weight of the evidence (see, People v Bleakley, 69 NY2d 490, 495). The victim testified that defendant slammed her down onto her couch and choked her to the point where her tongue hung out of her mouth, she could not breathe and almost passed out. After the incident, the victim had visible marks on both sides of her neck. She also

* County Court dismissed the charge of assault in the second degree at the close of the People's proof.

testified that her neck was sore and that she had a hard time swallowing. We note that the State Police investigator who took her statement and medical personnel who examined her confirmed the existence of marks on her neck. Under these circumstances, the jury could reasonably conclude that the victim suffered an injury sufficient to sustain the assault conviction (*see, People v Messier*, 191 AD2d 819, 820-821, *lv denied* 81 NY2d 1017; *cf., Matter of Philip A.*, 49 NY2d 198, 201-202; *People v Cheeks*, 161 AD2d 657).

Nor is there any substance to the claim that the verdict is inconsistent and repugnant. First, examination of this issue is foreclosed by the absence of a timely objection to the verdict by defendant. Failure to object to a verdict as inconsistent and repugnant before the jury is discharged—and thus at a time when it is still possible to resubmit the matter to the jury— renders such objection unpreserved for review (*see, People v Alfaro*, 66 NY2d 985, 987; *People v Morgan*, 219 AD2d 759, *lv denied* 87 NY2d 849). Were we to nevertheless reach the merits of this claim, we would reject it.

"A verdict is inconsistent or repugnant—the difference is inconsequential—where the defendant is convicted of an offense containing an essential element that the jury has found the defendant did not commit" (*People v Trappier*, 87 NY2d 55, 58 [citation omitted]; *see,* CPL 300.30 [5]). Upon examining the essential elements of each count as charged (*see, People v Loughlin*, 76 NY2d 804, 806; *People v Tucker*, 55 NY2d 1, 8), we are satisfied that the verdict is not inconsistent or repugnant. In reviewing this claim, this court cannot, as defendant does, make a factual analysis of the evidence (*see, People v Green*, 71 NY2d 1006, 1007). Because defendant's acquittal on the sodomy and sexual abuse charges was not dispositive as to any essential element of the assault in the third degree charge, the verdict was not inherently contradictory. Similarly, because neither the rape in the first degree charge nor the assault in the third degree charge shared a common essential element, this aspect of the verdict is also not repugnant.

Defendant's remaining contentions have been reviewed and found to be without merit.

Cardona, P. J., Mikoll, Mercure and Yesawich Jr., JJ., concur. Ordered that the judgment is affirmed.