■ The People of the State of New York, Respondent, v Salvador Collado, Appellant. [670 NYS2d 352] —Appeal by the defendant from a judgment of the Supreme Court, Queens County (Leach, J.), rendered May 8, 1997, convicting him of criminal sale of a controlled substance in the third degree and criminal possession of a controlled substance in the third degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial of the defendant's motion pursuant to CPL 30.30 to dismiss the indictment on the ground that he was denied his statutory right to a speedy trial.

Ordered that the judgment is reversed, on the law, the motion by the defendant pursuant to CPL 30.30 to dismiss the indictment on the ground that he was denied his statutory right to a speedy trial is granted, the indictment is dismissed, and the matter is remitted to the Supreme Court, Queens County, for the entry of an order in its discretion pursuant to CPL 160.50.

In the instant case, involving a drug sale that occurred on July 19, 1995, the People were obligated to be ready for trial within six months after July 20, 1995, the date on which the defendant was arraigned (see, CPL 30.30 [1] [a]; People v Sinistaj, 67 NY2d 236; People v Osgood, 52 NY2d 37; People v Lomax, 50 NY2d 351; People v Figaro, 245 AD2d 300). The six-month period in this case, from July 20, 1995, through January 20, 1996, consisted of 184 days of chargeable time (see, People v Allen, 172 AD2d 542). The Supreme Court determined that only 161 of these days were chargeable to the People. We disagree.

The People should have been charged for the 29-day period of prereadiness delay from March 18, 1996, through April 16, 1996, as they neither made a statement of readiness in open court which was transcribed by a stenographer or recorded by the clerk, nor sent a written notice of readiness to the defense counsel and the appropriate court clerk to be placed on the original record (see, People v Kendzia, 64 NY2d 331, 337; see also, People v Smith, 82 NY2d 676; People v Sebak, 245 AD2d 242; People v Clark, 174 Misc 2d 324; People v Caussade, 162 AD2d 4). Since the amount of time chargeable to the People exceeds 184 days, the defendant's motion to dismiss the indictment should have been granted.

In light of our determination, we do not reach the defendant's remaining contentions. Copertino, J. P., Santucci, Krausman and Florio, JJ., concur.