■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v HOWARD L. KELLER, Appellant. [675 NYS2d 441] —White, J. Appeal, by permission, from an order of the County Court of Cortland County (Mathews, J.), entered October 7, 1997, which denied defendant's motion pursuant to CPL 440.20 to set aside the sentence following his conviction of the traffic infraction of aggravated unlicensed operation of a motor vehicle in the first degree, without a hearing.

On December 13, 1995, defendant was convicted by a jury of aggravated unlicensed operation of a motor vehicle in the first degree, driving while ability impaired, failure to keep right and unlicensed operation of a motor vehicle, all as a result of his operation of a motor vehicle on January 1, 1994. The convictions were appealed and were upheld by this Court, with the exception of the conviction for driving while ability impaired which was reversed due to an inordinate delay in sentencing (*see, People v Keller*, 238 AD2d 758). Defendant now moves, pursuant to CPL 440.20, to set aside his sentence contending that the reversal of the conviction for driving while ability impaired (Vehicle and Traffic Law § 1192 [1]) requires the reduction of his conviction of aggravated unlicensed operation of a motor vehicle in the first degree to aggravated unlicensed operation of a motor vehicle in the second degree. County Court denied defendant's motion and we affirm.

To find defendant guilty of the crime of aggravated unlicensed operation of a motor vehicle in the first degree (Vehicle and

Traffic Law § 511 [3] [a]), the jury was required, as pertinent to this appeal, to find that defendant was operating a motor vehicle while under the influence of alcohol in violation of Vehicle and Traffic Law § 1192 (1), (2), (3), (4) or (5). There is no question that the jury found defendant guilty of, *inter alia*, the infraction of driving while ability impaired in violation of Vehicle and Traffic Law § 1192 (1) since this was their verdict on count one of the indictment. The mere fact that, due to an apparent oversight, sentencing for the conviction of driving while ability impaired was not imposed does not negate the jury's finding that on the day in question defendant was operating a motor vehicle while his ability was impaired due to the consumption of alcohol. Since a conviction under Vehicle and Traffic Law § 1192 is not an element of aggravated unlicensed operation of a motor vehicle in the first degree and all of the elements necessary to convict defendant of this charge were presented to the jury, we find that their verdict should not be disturbed (*see, People v Morgan*, 219 AD2d 759, 760, *lv denied* 87 NY2d 849; *People v Crandall*, 199 AD2d 867, 868).

Cardona, P. J., Peters, Carpinello and Graffeo, JJ., concur. Ordered that the order is affirmed.