■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DARWIN WHIPPLE, Appellant. [714 NYS2d 374] —Carpinello, J. Appeal from a judgment of the County Court of Sullivan County (LaBuda, J.), rendered November 10, 1998, upon a verdict convicting defendant of the crimes of aggravated unlicensed operation of a motor vehicle in the first degree and leaving the scene of an incident without reporting.

A three-count indictment was handed up against defendant charging him with operating a motor vehicle while under the influence of alcohol (count one), leaving the scene of a personal property accident without reporting it (count two) and aggravated unlicensed operation of a motor vehicle in the first degree (count three). The charges stem from allegations that at approximately 10:00 P.M. on May 12, 1998, defendant, who knew or had reason to know that his driving privileges had been revoked one month earlier, was driving while intoxicated in the Village of Wurtsboro, Sullivan County, hit a parked vehicle in the parking lot of a bar and then failed to report the accident to the police. The parked vehicle belonged to an employee of the bar, who testified that around 10:00 P.M. he heard a loud crash, saw a light blue truck hit his bumper and drive away.

The owner of the bar testified that he saw defendant that night (although he did not see the accident itself) and that he "had a little bit too much to drink". The bar owner admitted, however, that he would report an "obviously intoxicated" person to the police, which he did not do that night. In fact, he testified that it did not "cross [his] mind" to contact the police about defendant's intoxication level. By the time the police were contacted about the accident and arrived at defendant's residence, in the interim, defendant had been seen leaving another bar and was actually asleep in the house. The police entered defendant's bedroom, woke him up and asked to speak to him about the incident. According to the arresting officers, defendant failed two field sobriety tests, was very intoxicated at this time and refused to submit to a chemical test to determine his blood alcohol content. In his closing statement, defense counsel repeatedly pointed out that there was insufficient evidence to prove that defendant was legally intoxicated

or impaired or whether he had simply had a few drinks at the time in question.

With respect to count one, the jury was instructed on the crime of driving while intoxicated (*see*, Vehicle and Traffic Law § 1192 [3]) and the lesser included offense of driving while ability impaired (*see*, Vehicle and Traffic Law § 1192 [1]). During its deliberations, the jury requested a readback of all three charges and later requested a readback of the definitions of "intoxicated" and "impaired". Thereafter, the jury sent a note to County Court indicating that "[a]fter a lengthy discussion on Count 1, we cannot come to an agreement". Following an *Allen* charge, the jurors continued deliberating but thereafter sent another note again indicating that they were "not making progress on Count 1", but had reached an agreement on the other counts. The nature of the jury's deadlock was explored by County Court and it was revealed that the jurors were unable to agree on driving while intoxicated or driving while ability impaired. The jury indicated, however, that they had reached a guilty verdict on counts two and three.

After County Court expressed its intention to accept the partial verdict, defense counsel objected on the ground that the guilty verdict on the crime of aggravated unlicensed operation in the first degree—which included as an element that defendant was driving while intoxicated or driving while impaired—was repugnant as a matter of law. Concluding that the jury had agreed that defendant was at least driving while his ability was impaired, the court rejected defense counsel's objection. At this time, the Assistant District Attorney requested that the jury be sent back to deliberate with an instruction by the court that they could not find defendant guilty of aggravated unlicensed operation in the first degree without first making a decision on whether he was driving while intoxicated or driving while his ability was impaired or acquitting him of each crime. County Court denied this application, denied a defense motion for a mistrial and proceeded to "clarify" matters with the jury. In response to the court's direct inquiry, the jurors indicated that they were unable to agree with respect to the crime of driving while intoxicated *or* with respect to the crime of driving while ability impaired. County Court entered a partial verdict and defendant appeals.

Defendant argues that his conviction of the crime of aggravated unlicensed operation of a motor vehicle in the first degree is repugnant given the fact that the jury was deadlocked on the crimes of driving while intoxicated and driving while ability impaired. Although it would be improper to conduct a

factual analysis of the evidence in reviewing this claim (*see, People v Tucker*, 55 NY2d 1, 8), the verdict, when viewed in relation to County Court's charge and the nature of the partial verdict, as explored by County Court and explained by the jury (*cf., People v Morgan*, 219 AD2d 759, *lv denied* 87 NY2d 849), is repugnant. County Court instructed the jury that in order to find defendant guilty of the crime of aggravated unlicensed operation in the first degree, it had to find, *inter alia*, that defendant operated his motor vehicle while intoxicated or while ability impaired. The jury revealed that they could not agree on either driving while intoxicated or driving while ability impaired. Notably, it did not indicate that they were deadlocked *between* these charges. If this had been the case and the only true debate was the extent of defendant's impairment due to alcohol consumption, then the jurors would *not* have reported to the court, as they did, that they were deadlocked on the lesser included offense. Said differently, if the jury unanimously agreed that defendant was, at the very least, impaired to any extent, then it would have *agreed* on the lesser included offense of driving while ability impaired. The jurors indicated, however, that they could not reach an agreement on the charge of driving while ability impaired.

If the record did not reveal the nature of the partial verdict and, more precisely, the nature of the deadlock (*see, Matter of Oliver v Justices of N. Y. Supreme Ct.*, 36 NY2d 53, 56-57), then the partial verdict might be reconcilable under *People v Morgan* (*supra*). However, because the record reveals that the jury could not reach an agreement on driving while intoxicated *or* driving while impaired and was therefore deadlocked on an essential element of aggravated unlicensed operation in the first degree, the verdict on this count was repugnant (*see generally, People v Miner*, 261 AD2d 420). We thus modify the judgment by reducing defendant's conviction under count three to the lesser included offense of aggravated unlicensed operation in the second degree (*see generally*, CPL 470.15 [2] [a]).

Cardona, P. J., Peters, Graffeo and Mugglin, JJ., concur. Ordered that the judgment is modified, on the law, by reducing defendant's conviction of the crime of aggravated unlicensed operation of a motor vehicle in the first degree to the crime of aggravated unlicensed operation of a motor vehicle in the second degree; matter remitted to the County Court of Sullivan County for resentencing; and, as so modified, affirmed.