*810 OPINION OF THE COURT
Miriam R Best, J.
Defendant is charged by simplified traffic information with aggravated unlicensed operation of a motor vehicle in the second degree (Vehicle and Traffic Law § 511 [2] [a]). To establish defendant’s guilt, the People must prove beyond a reasonable doubt that, among other things, defendant operated a motor vehicle on a public highway while knowing or having reason to know that his license or privilege to drive was suspended or revoked. (Id.) During the course of this nonjury trial, the People have introduced into evidence documents from the Department of Motor Vehicles (DMV) to satisfy the notice element of Vehicle and Traffic Law § 511 (2) (a). Specifically, a DMV abstract of defendant’s driving record and a copy of a DMV driver’s license suspension order addressed to defendant were received as People’s exhibits (PX) 1 and 3, respectively. The People have also sought to introduce an affidavit of regularity/proof of mailing executed by Sharon E. Greene, the records manager in the DMV’s Certified Document Center (hereinafter PX 2 for identification or the Greene affidavit). Defendant has objected to admission of the Greene affidavit. For the reasons that follow, the court holds that the Greene affidavit is inadmissible.
Relying on the recent landmark decision of Crawford v Washington (541 US 36 [2004]), defendant contends that admission of the Greene affidavit would violate his Sixth Amendment right to confrontation, because the document is testimonial in nature and was created for use by the prosecution at trial. In response, the People argue that the Greene affidavit is admissible both under Vehicle and Traffic Law § 214 and under the business records exception to the hearsay rule.[1]
If this case had been tried before Crawford was decided, the court would have overruled the objection and admitted the Greene affidavit. Under Vehicle and Traffic Law § 214, the affidavit of regularity/proof of mailing is admissible in cases such as this, as presumptive evidence that the notice of suspension, revocation or order was produced and mailed to the defendant in accordance with the DMV’s procedures. (People v Begemov, 1 Misc 3d 127[A], 2003 NY Slip Op 51533[U] [App Term, 2d Dept 2003]; People v Meyer, 177 Misc 2d 537 [App Term, 2d Dept 1998]; People v Peters, 188 AD2d 1037 [4th Dept 1992], lv denied *811 81 NY2d 975 [1993],[2] People v Kollore, 151 Misc 2d 384 [Mount Vernon City Ct 1991].)
Crawford, however, has changed the analysis. (See People v Romero, 4 Misc 3d 1013[A], 2004 NY Slip Op 50870[U], *1 [Grim Ct, Bronx County 2004] [“Crawford has in fundamental fashion changed the law with respect to the relationship between the Constitution’s Confrontation Clause and the law of hearsay”].) In Crawford, the United States Supreme Court held that “[testimonial statements of witnesses absent from trial [are admissible] only where the declarant is unavailable, and only where the defendant has had a prior opportunity to cross-examine.” (541 US at 59.) The Court declined to define “testimonial,” but it noted that nontestimonial statements, such as business records, do not offend the Confrontation Clause. The Court placed affidavits in the “core class of ‘testimonial’ statements.” (Id. at 51, 55-56, 68-69.)
Civil Practice Law and Rules § 4518, which codified the New York business records exception to the hearsay rule, is applicable to both civil and criminal cases. (People v Cratsley, 86 NY2d 81, 89 [1995]; People v Howard, 79 AD2d 1064, 1064 [3d Dept 1981], citing People v Foster, 27 NY2d 47, 52 [1970]; People v Swinger, 180 Misc 2d 344, 346-347 [Crim Ct, NY County 1998].) Section 4518 provides, in pertinent part, as follows:
“Any writing or record, whether in the form of an entry in a book or otherwise, made as a memorandum or record of any act, transaction, occurrence or event, shall be admissible in evidence in proof of that act, transaction, occurrence or event, if the judge finds that it was made in the regular course of any business and that it was the regular course of such business to make it, at the time of the act, transaction, occurrence or event, or within a reasonable time thereafter.”
The three foundation requirements of CPLR 4518 were summarized by the Court of Appeals in Cratsley:
“[F]irst, the record must be made in the regular course of business — reflecting a routine, regularly conducted business activity, needed and relied on in the performance of the functions of the business. Second, it must be the regular course of business to make the record — in other words, the record was *812 made pursuant to established procedures for the routine, habitual, systematic making of such a record. Finally, the record must have been made at the time of the act, transaction, occurrence or event, or within a reasonable time thereafter, assuring that the recollection is fairly accurate and the entries routinely made.” (86 NY2d at 89.)
Here, PX 3, the driver’s license suspension order, was dated May 22, 1993, and stated that defendant’s license was suspended as of June 12, 1993, due to his failure to appear on May 13, 1993 for a ticket he received on April 6, 1993. PX 3 is plainly a business record, as is PX 1, the DMV abstract, and defense counsel did not object to their admission. The Greene affidavit, by contrast, is not a business record. To the extent that the court knows anything about the circumstances of its creation, that information comes from the document itself. According to the document, it was not executed by Ms. Greene until April 23, 2004, over 10 years after the suspension order was prepared. Therefore, the Greene affidavit clearly was not made at the time the suspension order was made, or reasonably soon thereafter. Indeed, the Greene affidavit was not created for more than six months after the date on which the instant case commenced (Oct. 8, 2003). This court cannot escape the conclusion that the Greene affidavit was created expressly for use in this litigation.
Moreover, the contents of the Greene affidavit are plainly testimonial in nature. For example, paragraph 3 states, among other things, that:
“The [suspension] process is initiated by receipt of complaint portion of the ticket in the Traffic Violations Division in Albany, where personnel search the department’s license file for a record of a New York State driver license. If there is no license record . . . one is created in the department’s driver license file. All pertinent information is then placed on another file: the traffic violations file. The address used in subsequent contacts with the motorist is the address supplied by the motorist to the police officer at the time the summons is issued. This may be different from the address in the department’s license record. It is used because it is the most current address supplied by the motorist. These statements, describing the process by which suspensions are commenced and drivers are notified, contrast *813 sharply with the kind of routine entries of transactions, made in the regular course of business at or near the time when the transactions occurred, that are plainly understood and recognized as business records.”
Post Crawford, the People’s continued reliance on Vehicle and Traffic Law § 214 to permit such affidavits of nontestifying witnesses to be received in evidence to prove an element of the crime .charged is simply untenable. Contrary to the People’s assertion (People’s brief at 5), this court cannot permit the defendant’s right of confrontation to be impaired by receiving the Greene affidavit in evidence. It is also no answer to say, as the People do (id. at 6), that the Greene affidavit should be received because it is reliable. (See Crawford, 541 US at 61, 68-69 [“Where testimonial statements are involved, we do not think the Framers meant to leave the Sixth Amendment’s protection to the vagaries of the rules of evidence, much less to amorphous notions of ‘reliability’ “Where testimonial statements are at issue, the only indicium of reliability sufficient to satisfy constitutional demands is the one the Constitution actually prescribes: confrontation”].)[3]
Accordingly, the court holds that the Greene affidavit, PX 2 for identification, is inadmissible. Defendant’s objection is sustained.

. The People have told the court that they would not call Ms. Greene as a witness.

. In their brief to this court, the People incorrectly cite this case as People v Derick. (See People’s brief at 4.)

. See also People v Poillon, NYU, June 15, 2001, at 24, cols 4, 6 (Suffolk County Ct 2001 [“This Court holds . . . that VT.L. Section 214 does not authorize the introduction into evidence of impermissible, non-probative, double hearsay on the issue of notice of revocation or suspension, as such is contained in the putative affidavit of Sharon E. Greene”]); People v D’Agostino, 120 Misc 2d 437, 440-441 (Monroe County Ct 1983 [the affidavit of regularity was not admissible under the business records exception to the hearsay rule, because it was offered as a testimonial assertion]).