[796 NYS2d 787]

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v STEPHEN M. PACER, Appellant.

Fourth Department, June 10, 2005

APPEARANCES OF COUNSEL

*John E. Tyo*, Shortsville, for appellant.

*R. Michael Tantillo, District Attorney*, Canandaigua (*James B. Ritts* of counsel), for respondent.

## OPINION OF THE COURT

HURLBUTT, J.

■ Defendant appeals from a judgment convicting him of, inter alia, aggravated unlicensed operation of a motor vehicle in the first degree (Vehicle and Traffic Law § 511 [3] [a] [i]). In this case of first impression in an appellate court in New York, defendant contends that his Sixth Amendment right to confrontation was violated by the receipt in evidence of an "affidavit of regularity/proof of mailing" sworn to by an employee of the New York State Department of Motor Vehicles. It was not established at trial that the employee was unavailable to testify, nor was it established that defendant previously had the opportunity to cross-examine her. We agree with defendant that his right to confrontation was violated, and thus we conclude that the judgment should be modified by reversing that part convicting defendant of that offense and that a new trial should be granted on that count of the indictment.

The underlying facts are readily stated. The affidavit was introduced, pursuant to Vehicle and Traffic Law § 214, to establish that defendant knew or had reason to know that his New York driving privilege had been revoked, a necessary element of

the offense of aggravated unlicensed operation of a motor vehicle (*see* § 511 [1], [2], [3]). Although *Crawford v Washington* (541 US 36 [2004]) had not yet been decided when this case was tried, it sets forth "a new rule for the conduct of criminal prosecutions" and thus must be applied retroactively to this case, which was "pending on direct review" (*Griffith v Kentucky*, 479 US 314, 328 [1987]; *see People v Ryan*, 17 AD3d 1, 3 n 1 [2005]). We therefore must apply herein the holding in *Crawford* that any testimonial evidence from a nonappearing witness violates a defendant's right to confrontation where it is not established that the nonappearing witness was unavailable and that defendant had a prior opportunity to cross-examine the nonappearing witness (*see* 541 US at 51-54). We agree with the reasoning in *People v Capellan* (6 Misc 3d 809 [2004]) in reaching our conclusion herein that the affidavit at issue is testimonial and thus that its admission violated defendant's right to confrontation. As noted in *Capellan*, the United States Supreme Court in *Crawford* "placed affidavits in the core class of testimonial statements" (*id.* at 811, quoting *Crawford*, 541 US at 51 [internal quotation marks omitted]).

Moreover, the affidavit before us cannot qualify for admission under the business records exception to the hearsay rule because it does not meet the foundation requirements of CPLR 4518 (a), "made applicable to criminal proceedings by CPL 60.10" (*People v Cratsley*, 86 NY2d 81, 89 [1995]). The affidavit does not reflect that it was made as part of a "routine, regularly conducted business activity," nor does it reflect that it was made in "the regular course of business" of the Department of Motor Vehicles or "at the time of the act, transaction, occurrence or event" reflected therein (*id.* at 89). Indeed, the affidavit relates to the mailing of an order of revocation of defendant's driving privilege in 1987, but the affidavit was sworn to in 2003, more than 16 years later. This case is thus similar to *Capellan,* in which there was a gap of over 10 years between the driver's license suspension order at issue and the execution of the affidavit at issue (*see* 6 Misc 3d at 812).

■ We also agree with defendant that County Court erred in denying his request to charge unlicensed operation of a motor vehicle (Vehicle and Traffic Law § 509 [1]) as a lesser included offense of aggravated unlicensed operation in the first degree. A comparison of the respective statutes makes clear that "it is impossible to commit the greater crime without concomitantly, by the same conduct, committing the lesser offense," and thus

the first prong of the test set forth in *People v Glover* (57 NY2d 61, 63 [1982]) is satisfied. With respect to the second prong in *Glover* (57 NY2d at 63), we note that defendant testified that he did not know that his New York driving privilege had been revoked; that he did not receive the order of revocation from the Department of Motor Vehicles; that he had moved his residence to the State of Georgia two months before the order of revocation was mailed; and that he had obtained a driver's license in Georgia after moving to that state. Based on that testimony, we conclude that the second prong also is satisfied, because there is a reasonable view of the evidence that would support a finding that defendant committed the lesser offense of unlicensed operation of a motor vehicle, but did not commit the greater offense of aggravated unlicensed operation of a motor vehicle in the first degree (*see* CPL 300.50 [1], [2]; *cf. People v Taylor*, 246 AD2d 610, 611 [1998], *lv denied* 91 NY2d 1013 [1998]; *People v Peters*, 188 AD2d 1037 [1992], *lv denied* 81 NY2d 975 [1993]; *see generally People v Gribben*, 164 AD2d 944, 945 [1990]). Thus, the court erred in denying defendant's charge request.

We have considered defendant's remaining contentions, including those with respect to the legal sufficiency and the weight of the evidence, and conclude that they are without merit. Accordingly, we conclude that the judgment should be modified by reversing that part convicting defendant of aggravated unlicensed operation of a motor vehicle in the first degree and that a new trial on that count of the indictment should be granted.

GREEN, J.P., SCUDDER, PINE and LAWTON, JJ., concur.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously modified, on the law, by reversing that part convicting defendant of aggravated unlicensed operation of a motor vehicle in the first degree and as modified the judgment is affirmed, and a new trial is granted on count one of the indictment.