OPINION OF THE COURT
Craig J. Doran, J.
*546 The defendant herein was previously convicted of, inter alia, aggravated unlicensed operation in the first degree, in violation of section 511 (3) of the Vehicle and Traffic Law. In an order dated June 10, 2005, the Appellate Division, Fourth Department, reversed the judgment convicting the defendant of aggravated unlicensed operation of a motor vehicle in the first degree and a new trial was granted on count one of the indictment.
The Appellate Division in People v Pacer (21 AD3d 192, 193 [2005]) held that the defendant’s Sixth Amendment right to confrontation was violated in his prosecution for unlicensed operation of a motor vehicle, by the receipt in evidence of an “affidavit of regularity/proof of mailing” sworn to by an employee of the State Motor Vehicles Department. At the trial of this matter, the Appellate Division found that it had not been established that the employee was unavailable to testify or that the defendant had previously had an opportunity to cross-examine her. This was a case of first impression in an appellate court in New York State. The Appellate Division held that it was bound to apply the holding in Crawford v Washington (541 US 36 [2004]), that any testimonial evidence from a nonappearing witness violates a defendant’s right to confrontation where it is not established that the nonappearing witness was unavailable and that defendant had a prior opportunity to cross-examine the nonappearing witness.
The matter is now before this court for a new trial on count one of the indictment. The defendant has now moved this court for dismissal of the indictment, on the ground that the evidence before the grand jury was not legally sufficient to establish the offense charged or any lesser included offense. The defendant seeks to have this court adopt the Appellate Division’s reason for reversal to the evidence introduced at the grand jury presentation. Specifically, the defendant contends that the defendant’s Sixth Amendment right to confrontation was violated by receipt in evidence at grand jury of an “affidavit of regularity/proof of mailing” sworn to by an employee of the State Motor Vehicles Department.
This court declines to do so. The basis for the Appellate Division’s decision was the violation of the defendant’s right of confrontation at trial. Presently, what is at issue is a review of sufficiency of the grand jury evidence. “A Grand Jury proceeding is not intended to be an adversary proceeding, except to the limited extent that CPL 190.50 . . . gives a defendant or person *547 about to be charged the right to testify and to request that persons designated by him or her be called to testify” (see, People v Brewster, 63 NY2d 419, 422 [1984]). Indeed, it is clear that, “[i]n a grand jury proceeding, there is no right of cross-examination” (see, People v Scalise, 70 AD2d 346, 350 [1979]). Because there is no right of confrontation in a grand jury proceeding, there can be no violation of a defendant’s Sixth Amendment right to confrontation.
This court has reviewed the minutes of grand jury proceedings held on January 27, 2004, and find that the evidence and proof submitted to the grand jury constitutes prima facie proof that the crime charged in count one of the subject indictment was committed by defendant.
Accordingly, defendant’s motion to dismiss the indictment because of insufficient evidence is denied.