■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ARTHUR WOLTERS, Appellant. [838 NYS2d 117]—

Appeal by the defendant from a judgment of the Supreme Court, Queens County (Kohm, J.), rendered November 16, 2004, convicting him of aggravated unlicensed operation of a motor vehicle in the first degree and unlawfully operating or driving a motor vehicle on a public highway, upon a jury verdict, and imposing sentence.

Ordered that the judgment is reversed, on the law and as a matter of discretion in the interest of justice, and a new trial is ordered.

The Supreme Court committed reversible error in admitting into evidence the affidavit of a nontestifying official from the Department of Motor Vehicles (*see Crawford v Washington,* 541 US 36 [2004]; *People v Pacer,* 6 NY3d 504 [2006]; *People v Capellan,* 6 Misc 3d 809, 812 [2004]). Without the affidavit, the evidence was legally insufficient to prove the defendant's guilt of aggravated unlicensed operation of a motor vehicle in the first degree beyond a reasonable doubt (*see People v Perkins,* 189 AD2d 830 [1993]). Inasmuch as the possibility remains that the People can present other evidence sufficient to establish a prima facie case on that charge, we remit the matter to the Supreme Court, Queens County, for a new trial, if the People be so advised (*see People v Pacer, supra; People v Perkins, supra*). We note that if the Supreme Court, upon retrial, submits to the jury the lesser-included offense of unlawfully operating or driving a motor vehicle on a public highway, that count must be submitted in the alternative (*see* CPL 300.40 [3] [b]; 300.50).

In light of our determination, we need not reach the defendant's contentions that he was denied the effective assistance of counsel and that the trial court erred in its charge to the jury.

The defendant's remaining contentions are without merit. Schmidt, J.P., Santucci, Florio and Balkin, JJ., concur.