■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ERIC J. CARNEY, Appellant. [838 NYS2d 316]—

Appeal from a judgment of the Livingston County Court (Joan S. Kohout, A.J.), rendered March 28, 2006. The judgment convicted defendant, after a nonjury trial, of felony driving while intoxicated, aggravated unlicensed operation of a motor vehicle in the first degree and three traffic infractions.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him following a nonjury trial of, inter alia, felony driving while intoxicated (Vehicle and Traffic Law § 1192 [3]; § 1193 [1] [c] [i]) and aggravated unlicensed operation of a motor vehicle in the first degree (§ 511 [3] [a] [i]). Contrary to the contention of defendant, his right of confrontation was not violated by the admission in evidence of records of the New York State Department of Motor Vehicles indicating that his driver's license had been revoked prior to his arrest and that notice of the revocation had been sent to him (*see People v Pacer*, 21 AD3d 192, 194

[2005], *affd* 6 NY3d 504 [2006]; *see generally Crawford v Washington*, 541 US 36, 51-54 [2004]). Certain of those records were properly admitted in evidence pursuant to the business records exception to the hearsay rule (*see* CPLR 4518 [a]; CPL 60.10; *cf. Pacer*, 21 AD3d at 194). Even assuming, arguendo, that defendant is correct that County Court erred in admitting three license suspension orders in evidence based on the People's failure to lay a proper foundation for their admission, we conclude that the error is harmless. The record establishes that those orders included the same information contained in an abstract of defendant's driving record, and that abstract was properly admitted in evidence. We note in addition that police witnesses testified that defendant had admitted that he knew prior to his arrest that his license had been revoked. In any event, "[i]n this nonjury case, the court is presumed to have considered only competent evidence in reaching the verdict . . . and there is no basis in this record to conclude that the court did otherwise" (*People v Clinkscales*, 277 AD2d 930, 931 [2000], *lv denied* 96 NY2d 733 [2001]). Present—Gorski, J.P., Martoche, Centra, Fahey and Peradotto, JJ.