# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

1455
KA 13-00721
PRESENT: CENTRA, J.P., FAHEY, LINDLEY, SCONIERS, AND WHALEN, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                             MEMORANDUM AND ORDER

GARY CHAPPELL, DEFENDANT-APPELLANT.

---

THE LEGAL AID BUREAU OF BUFFALO, INC., BUFFALO (CAITLIN M. CONNELLY OF COUNSEL), FOR DEFENDANT-APPELLANT.

FRANK A. SEDITA, III, DISTRICT ATTORNEY, BUFFALO (NICHOLAS T. TEXIDO OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Supreme Court, Erie County (Christopher J. Burns, J.), rendered March 26, 2013. The judgment convicted defendant, upon a nonjury verdict, of driving while ability impaired, aggravated unlicensed operation of a motor vehicle in the first degree and speeding.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him, following a nonjury trial, of driving while ability impaired (Vehicle and Traffic Law § 1192 [1]), aggravated unlicensed operation of a motor vehicle in the first degree (§ 511 [3] [a] [i]), and speeding (§ 1180 [d]). We reject defendant's contention that the evidence is legally insufficient to support the conviction. The arresting officer testified that, after he stopped defendant's vehicle for speeding, defendant had glassy eyes and slurred speech, and he smelled of alcohol. In addition, defendant failed three of four field sobriety tests and refused to submit to a chemical test. That evidence, viewed in the light most favorable to the People (*see People v Contes*, 60 NY2d 620, 621), is legally sufficient to establish that defendant operated a motor vehicle while his ability to do so was impaired by alcohol (*see People v McDonald*, 27 AD3d 949, 950). The evidence is also legally sufficient to support the conviction of aggravated unlicensed operation of a motor vehicle in the first degree (*see People v Jarocha*, 66 AD3d 1384, 1384, *lv denied* 13 NY3d 908). With respect to the speeding conviction, we conclude that, "even if the radar evidence standing alone were deemed insufficient to support the conviction, there is additional evidence here that sufficiently corroborates the accuracy of the radar reading so as to establish defendant's guilt beyond a reasonable doubt" (*People v Knight*, 72 NY2d 481, 488). Viewing the evidence in light of the elements of the

offenses in this bench trial (*see People v Danielson*, 9 NY3d 342, 349), we further conclude that the verdict is not against the weight of the evidence (*see generally People v Bleakley*, 69 NY2d 490, 495). Finally, we agree with the People that defendant's attorney was not ineffective in failing to make a suppression motion "that ha[d] little or no chance of success" (*People v Stultz*, 2 NY3d 277, 287, *rearg denied* 3 NY3d 702).

Entered:  January 2, 2015                          Frances E. Cafarell
                                                   Clerk of the Court