# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**1353**
**KA 15-00783**
PRESENT: CENTRA, J.P., PERADOTTO, CARNI, LINDLEY, AND DEJOSEPH, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                          MEMORANDUM AND ORDER

SALVATORE A. STRAUSS, DEFENDANT-APPELLANT.

---

STEPHEN M. LEONARD, ROCHESTER (MICHAEL STEINBERG OF COUNSEL), FOR DEFENDANT-APPELLANT.

SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (DANIEL GROSS OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Monroe County Court (John L. DeMarco, J.), rendered February 26, 2014. The judgment convicted defendant, upon a nonjury verdict, of aggravated unlicensed operation of a motor vehicle in the first degree and driving while ability impaired.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him, upon a nonjury verdict, of aggravated unlicensed operation of a motor vehicle (AUO) in the first degree (Vehicle and Traffic Law § 511 [3] [a] [i]) and driving while ability impaired (§ 1192 [1]). Contrary to the contention of defendant, the abstract of his driving record from the New York State Department of Motor Vehicles was properly admitted in evidence pursuant to the business records exception to the hearsay rule (*see* CPLR 4518 [a]; CPL 60.10; *People v Carney*, 41 AD3d 1239, 1240, *lv denied* 9 NY3d 873; *cf. People v Pacer*, 21 AD3d 192, 194, *affd* 6 NY3d 504; *see also People v Maldonado*, 44 AD3d 793, 794, *lv denied* 9 NY3d 1035). Even assuming, arguendo, that defendant is correct that County Court erred in admitting the abstract based on the People's failure to lay a proper foundation for its admission, we conclude that the error is harmless inasmuch as the arresting police officer "testified that defendant had admitted that he knew prior to his arrest that his license had been revoked," and that he had provided a New York State identification card rather than a license as the officer had requested (*Carney*, 41 AD3d at 1240; *see People v Morgan*, 219 AD2d 759, 759, *lv denied* 87 NY2d 849).

Defendant further contends that his admission to the police officer that his license had been revoked is legally insufficient to establish the mens rea element of AUO in the first degree because he

did not admit that he knew that the revocation of his license had resulted from a prior conviction.  Even assuming, arguendo, that defendant preserved his contention for our review (*see generally People v Gray*, 86 NY2d 10, 19), we conclude that it lacks merit.  The Court of Appeals has held that "[t]he felony offense of first-degree [AUO] has a mens rea element," which derives from the basic definition of AUO pursuant to Vehicle and Traffic Law § 511 (1) (a) (*Pacer*, 6 NY3d at 508).  "To be convicted, a defendant must know or have reason to know that his [or her] driving privileges have been revoked, suspended or otherwise withdrawn by the Commissioner of Motor Vehicles" (*id.*).  Based on the statutory language and interpretation thereof by the Court of Appeals, and consistent with the pattern Criminal Jury Instructions (*see* CJI2d[NY] Vehicle and Traffic Law § 511 [3] [a] [i]), we conclude that the People were not required to prove that defendant knew or had reason to know that his driving privileges had been revoked, suspended, or otherwise withdrawn as a result of a prior conviction (*cf. People v Cooper*, 78 NY2d 476, 483; *People v Burgess*, 89 AD3d 1100, 1101).  Viewed in the light most favorable to the People (*see People v Contes*, 60 NY2d 620, 621), we further conclude that the evidence is legally sufficient to support the conviction of AUO in the first degree (*see People v Chappell*, 124 AD3d 1409, 1410, *lv denied* 25 NY3d 1070).

Entered:  February 5, 2016                    Frances E. Cafarell
                                              Clerk of the Court