██ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MICHAEL K. HOLLOMAN, Appellant. [57 NYS3d 609]—

Appeal from a judgment of the Supreme Court, Monroe County (Francis A. Affronti, J.), rendered July 29, 2014. The judgment convicted defendant, upon a jury verdict, of aggravated unlicensed operation of a motor vehicle in the first degree.

It is hereby ordered that the judgment so appealed from is unanimously reversed on the law and a new trial is granted.

Memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of aggravated unlicensed operation of a motor vehicle in the first degree (Vehicle and Traffic Law § 511 [3] [a] [ii]). Contrary to defendant's contention, we conclude that, viewing the evidence in the light most favorable to the People (see People v Contes, 60 NY2d 620, 621 [1983]), the evidence is legally sufficient to support the conviction. The People presented the testimony of two police witnesses who stated that, when defendant was asked to produce his driver's license and registration following a traffic stop, he stated that he did not have a license and that "it was pretty bad." An employee of the New York State Department of Motor Vehicles (DMV) testified that, on the date defendant was stopped by the police, defendant's driver's license was under active suspension and that the driving abstract, which was admitted in evidence, reflected 44 revocations and suspensions on 11 dates. The DMV witness explained that an automated system sends a letter of suspension to the driver. She further testified that defendant had a nondriver identification card, which could be issued only in person, at which time a DMV employee would advise the person that his or her driver's license was suspended or revoked. Thus, contrary to defendant's contention, the evidence is legally sufficient to establish that he knew or should have known that his driver's license was suspended on the date that he was stopped. In addition, viewing the elements of the crime as charged to the jury, we further conclude that the verdict is not against the weight of the evidence (see People v Danielson, 9 NY3d 342, 349 [2007]), either with respect to defendant's knowledge or constructive knowledge that his driver's license

was suspended or of the fact that he had "ten or more suspensions, imposed on at least ten separate dates for failure to answer, appear or pay a fine" (§ 511 [3] [a] [ii]).

Contrary to defendant's further contention, Supreme Court properly refused to charge the jury on the lesser included offense of operating a motor vehicle without a license (*see* Vehicle and Traffic Law § 509 [1]), inasmuch as there is no reasonable view of the evidence that would support a finding that defendant was not aware that his driver's license was suspended and thus that he was guilty only of the violation of operating a motor vehicle without a license (*see* § 509 [11]), but not guilty of the felony of aggravated unlicensed operation of a motor vehicle in the first degree (*see People v Glover*, 57 NY2d 61, 63 [1982]).

We agree with defendant, however, that the record fails to reflect that the court provided defense counsel with meaningful notice of a substantive jury note (*see* CPL 310.30 [1]; *People v O'Rama*, 78 NY2d 270, 277-278 [1991]). Thus, a mode of proceedings error occurred, requiring reversal (*see People v Walston*, 23 NY3d 986, 989 [2014]; *see generally People v Mack*, 27 NY3d 534, 538 [2016]). The record reflects that, during a period of approximately 30 minutes when the court had excused counsel, the jury sent three notes, which the court properly marked as court exhibits. The last note stated that the jury had reached a verdict; a prior note, however, stated "we the jury request a copy of the wording of the law." Inasmuch as the court would have been prohibited from providing the jury with either a copy of the statute, or a copy of its jury instructions, without the consent of defendant (*see People v Johnson*, 81 NY2d 980, 982 [1993]), we reject the contention of the People that the note was ministerial, and not substantive (*see generally People v Nealon*, 26 NY3d 152, 161 [2015]). We therefore reverse the judgment and grant a new trial. Present—Carni, J.P., Curran, Troutman, Winslow and Scudder, JJ.