People v Cobb (2026 NY Slip Op 00670)

People v Cobb

2026 NY Slip Op 00670

Decided on February 11, 2026

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on February 11, 2026
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: MONTOUR, J.P., SMITH, GREENWOOD, NOWAK, AND HANNAH, JJ.

47 KA 23-01090

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
vTIMOTHY COBB, DEFENDANT-APPELLANT. 

THE LEGAL AID BUREAU OF BUFFALO, INC., BUFFALO (NICHOLAS P. DIFONZO OF COUNSEL), FOR DEFENDANT-APPELLANT. 
MICHAEL J. KEANE, DISTRICT ATTORNEY, BUFFALO (JERRY MARTI OF COUNSEL), FOR RESPONDENT. 

 Appeal from a judgment of the Erie County Court (Susan M. Eagan, J.), rendered May 25, 2023. The judgment convicted defendant upon a nonjury verdict of aggravated unlicensed operation of a motor vehicle in the first degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: Defendant appeals from a judgment convicting him upon a nonjury verdict of aggravated unlicensed operation of a motor vehicle in the first degree (Vehicle and Traffic Law § 511 [3] [a] [i]). Defendant contends that the evidence is legally insufficient to establish that he knew or had reason to know that his license was revoked. Even assuming, arguendo, that defendant preserved his contention for our review (see generally People v Gray, 86 NY2d 10, 19 [1995]), we conclude that it lacks merit. "The felony offense of first-degree aggravated unlicensed operation has a mens rea element. To be convicted, a defendant must know or have reason to know that [their] driving privileges have been revoked, suspended or otherwise withdrawn by the Commissioner of Motor Vehicles" (People v Pacer, 6 NY3d 504, 508 [2006]; see Vehicle and Traffic Law § 511 [1] [a]; [2] [a] [ii]; [3] [a] [i]). A defendant's mens rea can be proved circumstantially (see generally People v Feingold, 7 NY3d 288, 296 [2006]).
Here, the People presented the testimony of a police witness who stated that, when he asked defendant for his license, defendant responded that it was "f***ed up." The People also presented the testimony of an employee of the New York State Department of Motor Vehicles who stated that defendant's driver's license was revoked due to a prior conviction for driving while intoxicated as reflected on the driving abstract, which was admitted in evidence. The evidence, viewed in the light most favorable to the People (see People v Contes, 60 NY2d 620, 621 [1983]), is legally sufficient to establish that defendant knew or had reason to know that his driver's license was revoked (see People v Holloman, 151 AD3d 1872, 1872 [4th Dept 2017]; People v Strauss, 136 AD3d 1340, 1341 [4th Dept 2016]; People v Lindsey, 129 AD3d 1482, 1484 [4th Dept 2015], lv denied 27 NY3d 1001 [2016]).
Viewing the evidence in light of the elements of the crime in this nonjury trial (see People v Danielson, 9 NY3d 342, 349 [2007]), we further conclude that, although a different verdict would not have been unreasonable, it cannot be said that County Court failed to give the evidence the weight it should be accorded (see generally People v Bleakley, 69 NY2d 490, 495 [1987]).
Entered: February 11, 2026
Ann Dillon Flynn
Clerk of the Court