■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GEORGE CRANDALL, Appellant.—Mikoll, J. Appeal from a judg-

ment of the County Court of Schenectady County (Aison, J.), rendered May 17, 1991, upon a verdict convicting defendant of the crime of aggravated unlicensed operation of a motor vehicle in the first degree.

Defendant attacks his conviction not on the merits but on procedural grounds only. Defendant argues that his conviction should be reversed because his constitutional and statutory rights to a speedy trial were violated and because the appointment of a Special District Attorney to prosecute his case was without authority in law and therefore invalid. We disagree. The judgment of conviction should be affirmed.

Defendant was arrested and charged with driving while intoxicated on August 30, 1987 in the Town of Rotterdam, Schenectady County. Defense counsel and an Assistant District Attorney (hereinafter the ADA) engaged in plea discussions from September 7, 1987 through January 1988. On September 2, 1987, a CPL 190.50 notice was sent by registered mail to defendant and also personally delivered to him at his residence on September 13, 1987. On January 22, 1988, defense counsel and the ADA met in City of Schenectady Police Court and again discussed a plea involving the August 30, 1987 charge, an unrelated charge for driving while intoxicated pending in Police Court and a third charge for driving while intoxicated. Again, on or about February 1, 1988, defense counsel and the ADA discussed possible disposition of the charges in a telephone conversation during which the ADA informed defense counsel that he was still withholding presenting the August 30, 1987 matter to the Grand Jury because he was waiting for defendant's response to the plea negotiations. Defense counsel informed the ADA that another attorney might defend defendant and, on February 15, 1988, the ADA advised defense counsel of the necessity to proceed one way or the other. In a conversation on February 22, 1988, defense counsel told the ADA that defendant was terminating his representation.

The case was then presented to the Grand Jury on February 23, 1988 and an indictment was handed down charging defendant with aggravated unlicensed operation of a motor vehicle in the first degree (Vehicle and Traffic Law § 501 [3]) and driving while intoxicated (Vehicle and Traffic Law § 1192 [3]). Defendant failed to appear on February 26, 1988 as scheduled for arraignment on the indictment, but did appear and was arraigned on February 29, 1988. At the same time the People declared their readiness for trial. On the same date, defendant moved to dismiss the indictment on the ground that he was

not notified of the Grand Jury proceedings and was therefore denied his right to appear to testify, and also that he was denied a speedy trial in violation of CPL 30.30. On January 4, 1989 and April 5, 1989 defendant made two more motions to dismiss the indictment, claiming denial of his constitutional and/or statutory rights to a speedy trial.

Considering first defendant's claim that he was denied his constitutional right to a speedy trial, we note that the Court of Appeals has not established any specific period of delay after which a defendant will automatically become entitled to dismissal of the charges against him for lack of a speedy trial, holding that each case must be decided on its own facts *(People v Imbesi,* 38 NY2d 629; *People v Taranovich,* 37 NY2d 442).* The Court of Appeals has also held that five factors are to be considered and weighed by a court when deciding whether a particular defendant has been denied the constitutional right to a speedy trial: "(1) the extent of the delay; (2) the reason for the delay; (3) the nature of the underlying charge; (4) whether or not there has been an extended period of pretrial incarceration; and (5) whether or not there is any indication that the defense has been impaired by reason of the delay" *(People v Taranovich, supra,* at 445).

In the instant case 44 months elapsed from the date of arrest on August 30, 1987 until commencement of a jury trial on April 9, 1991. Defendant was incarcerated only five days commencing with his arrest until he posted bail. Despite the long over-all delay, we conclude that County Court properly considered and applied the five *Taranovich* factors and did not err in finding that defendant's constitutional right to a speedy trial was not violated. The record demonstrates that the 44-month delay was chargeable to defendant, to court time or other time that was not chargeable to the People in any significant degree. Although the charges in the indictment were not complicated, plea negotiations were encumbered by pending charges in other courts, including an indictment in Warren County. Further, there was no extensive pretrial incarceration and no demonstration of prejudice to the defense other than the passage of time. Moreover, there was no showing of loss of any specific defense witness material to the defense.

Turning next to defendant's contention that he was denied his statutory right to a speedy trial pursuant to CPL 30.30, we find that examination of the record again reveals that this right was not denied defendant. The prosecution clearly stated that it was ready for trial in open court on February 29, 1988

when defendant was arraigned on the indictment. Plea negotiations were entered into prior to that date and accounted for much of the delay up to that point. The record also demonstrates that County Court properly found that there was no chargeable delay attributable to the People after February 29, 1988. Again the reasons for the long delay in the trial of the indictment are attributable to the conduct and activity of defendant or delays not chargeable against the People. Further, County Court properly considered the appointment of a Special Prosecutor to replace a newly employed District Attorney who became disqualified in this case because of his association with the attorney representing defendant at an earlier stage of this matter, which is an extraordinary circumstance excludable pursuant to CPL 30.30 (4) (g).

Finally, we find no reversible error in the failure to follow the procedure outlined in 22 NYCRR 200.15 for obtaining the appointment of the Special Prosecutor pursuant to County Law § 701. The District Attorney complied with the provisions of County Law § 701 (1) (a). In these circumstances, a court order issued in compliance with a statute should not be invalidated by the failure to follow a procedure set forth by court rule.

Weiss, P. J., Yesawich Jr., Crew III and Mahoney, JJ., concur. Ordered that the judgment is affirmed.