■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KIM T. JONES, Appellant.—Harvey, J. Appeal from a judgment of the County Court of Rensselaer County (Dwyer, Jr., J.), rendered February 21, 1991, upon a verdict convicting defendant of the crimes of burglary in the second degree and petit larceny.

In February 1989, defendant was indicted for burglary in the second degree and petit larceny for allegedly burglarizing the residence of Terri Dube, located in the City of Troy, Rensselaer County, in November 1988. Following the issuance of the indictment, defendant moved to dismiss it on the ground that, inter alia, he was deprived of his constitutional right to a speedy trial. This motion was denied after a hearing. A jury trial was held, after which defendant was convicted of both counts in the indictment. Defendant was sentenced as a second violent felony offender to concurrent prison terms of 4½ to 9 years for the burglary conviction and one year for the petit larceny conviction. This appeal by defendant followed.

We affirm. Contrary to defendant's arguments on appeal, the record does not support his claim that he was denied his constitutional right to a speedy trial (see, US Const 6th Amend; CPL 30.20). In arriving at this conclusion we look to the five factors enunciated in People v Taranovich (37 NY2d 442, 445), namely, "(1) the extent of the delay; (2) the reason

for the delay; (3) the nature of the underlying charge; (4) whether or not there has been an extended period of pretrial incarceration; and (5) whether or not there is any indication that the defense has been impaired by reason of the delay" *(see, People v Charles,* 180 AD2d 868, 869). Significantly, there are no steadfast rules regarding the amount of delay that will automatically entitle a defendant to a dismissal on these grounds and "each case must be decided on its own facts" *(People v Crandall,* 185 AD2d 476, 478, *lv denied* 80 NY2d 895).

Here, defendant was arrested on December 20, 1988 and his trial began on February 28, 1991. During that time, defendant was incarcerated for three months because he had difficulty posting bail. The People conceded that the 41-day period between defendant's preliminary hearing and presentation to the Grand Jury is chargeable to them. However, there is ample evidence from the record of a legitimate excuse for the remainder of the delay due to calendar congestion and defendant's actions in making numerous pretrial motions, amending his notice of alibi twice, changing counsel and engaging in plea bargaining. Although defendant claims that the delay prejudiced him because an allegedly key alibi witness disappeared, defendant failed to put forth any evidence regarding when it was that the witness disappeared. As a result, there is no way of knowing whether that witness disappeared before or after defendant was arrested. Moreover, the evidence indicates that the delay actually allowed defendant to present more alibi witnesses than he would have been able to do earlier. Consequently, because he was only indicted on one felony and one misdemeanor charge, was incarcerated before trial for only three months and it does not appear the delay impaired the defense, we conclude that the passage of time was not prejudicial to defendant. Therefore, his constitutional rights were not infringed *(see, People v Taranovich, supra; People v Crandall, supra).*

Finally, we conclude that County Court committed no reversible error by excluding the entire testimony of one witness, Dawn Coonrad, at trial. Although defendant argues that this witness would have established bias against defendant on the part of a prosecution witness, defendant failed to put forth any proof that this witness could offer anything other than hearsay, irrelevancies or impeachment testimony.

Levine, J. P., Mercure, Mahoney and Casey, JJ., concur. Ordered that the judgment is affirmed.