*829 OPINION OF THE COURT
Patrick J. McGrath, J.
The above-named, defendant stands charged with the crime of burglary in the second degree, in violation of section 140.25 (2) of the Penal Law. The defendant filed a motion to dismiss pursuant to CPL 30.20 and 30.30.
The parties do not contest any factual issues, only the legal conclusions to be drawn therefrom. The facts show that on October 22, 1996, a felony complaint was filed with the local criminal court and an arrest warrant was obtained for the defendant based upon the charge of burglary in the third degree. The felony complaint alleged that the burglary occurred at 301 Oakwood Avenue, Troy, New York, the residence of Richard W. LaPoint between the hours of 1:00 p.m. and 4:00 p.m. on September 9, 1996. The defendant was arrested on October 23, 1996, and arraigned the following day, October 24th, in local criminal court on the felony complaint. On November 27, 1996, the defendant was indicted by the Grand Jury of Rensselaer County for one count of burglary in the second degree. The indictment alleged that the burglary occurred on October 9,
1996, at approximately 10:57 p.m. at the Shop-n-Save Plaza on Columbia Turnpike, in the Town of East Greenbush. The indictment further alleged that the defendant did knowingly enter and remain unlawfully in the dwelling of one Richard W. LaPoint with intent to commit a crime therein. Defendant was arraigned on the indictment in Rensselaer County Court on December 6, 1996, at which time the People filed a written notice of readiness for trial and served a copy upon the defendant and his defense attorney at the time, the Rensselaer County Public Defender’s Office.
Also, on December 6, 1996, after the defendant’s arraignment on the indictment, the People filed a written motion to amend the indictment pursuant to CPL 200.70 to correctly reflect the time, date, and place of the offense as reflected in the Grand Jury minutes. The defendant did not oppose the motion to amend and the court, after reviewing the Grand Jury minutes, granted the motion by decision dated February 6, 1997.
On the date of the arraignment, December 6, 1996, the defense filed a demand for discovery and bill of particulars. On December 16, 1996, the People filed a response to defendant’s demand for discovery and bill of particulars with the court and the defendant. The cover letter filed with the People’s response *830 indicated “The People remain ready for trial”. All attachments to the People’s response set forth the correct date, time, and place of the burglary as originally contained in the felony complaint in local criminal court: burglary affidavit of Richard W. LaPoint; Troy Police Department evidence/property report; Troy Police Department incident report signed by Richard W. LaPoint; a copy of a deposition from the Evidence Technician Officer Scorzone dated October 22, 1996; and a copy of the original felony complaint filed in local criminal court.
The defendant filed an omnibus motion on January 24, 1997, and the People filed an affirmation in opposition thereto on February 21, 1997. The cover letter attached to the People’s affirmation in opposition which was filed with the court and upon the defendant indicated “The People remain ready for trial”.
The defendant’s argument is basically twofold. First, the defendant argues that the People’s notice of readiness declared and filed on the date of the arraignment, December 6, 1996, was illusory and insufficient to satisfy the requirements of CPL 30.30 because of the subsequent motion to amend. Secondly, after the indictment was amended, the defendant argues that any indication of readiness by the People was not properly and sufficiently communicated, and also, that the defendant should have been rearraigned on the amended indictment at which time the People should have redeclared their notice of readiness for trial.
Defendant concedes that certain time periods are excludible pursuant to CPL 30.30 (4) (a) while pretrial motions were pending before the court, specifically, the time period from December 6, 1996 until March 6, 1997, a period of 90 days.
For purposes of CPL 30.30, the time period begins to run the day after the criminal action was commenced, October 23, 1996 (People v Stiles, 70 NY2d 765) and the time period is measured by calendar months (People v Cortes, 80 NY2d 201). Accordingly, the People had to announce their readiness in connection with this case on or before July 22, 1997 (the six-month period from commencement of the action together with the 90 days excludible time).
An effective indication of readiness for trial requires two necessary elements. First, there must be a communication of readiness by the People which appears on the trial court’s record; this requires either a statement of readiness by the prosecutor in open court, transcribed by a stenographer, or recorded by the clerk of a written notice of readiness sent by the prosecutor to both defense counsel and the appropriate court clerk, to be *831 placed in the original record. Second, the prosecutor must make the statement of readiness when the People are in fact ready to proceed (People v Kendzia, 64 NY2d 331). A written statement of readiness mailed to defense counsel and directly to the County Court unquestionably satisfies the objectives underlying the requirement of informing the court that the People are ready to proceed and objectively establishes the date on which such readiness occurred (People v Sutton, 199 AD2d 878, 880, citing People v Smith, 82 NY2d 676, 678).
Turning to the defendant’s first argument, the test for determining the validity of the People’s notice of readiness for trial is whether the People are presently able to present their case for trial and not a prediction or expectation of future readiness (People v Kendzia, supra, at 337). The statement must be made in good faith and reflect an actual, present state of readiness (People v Tavarez, 147 AD2d 355, 356). While subsequent requests for adjournments may indicate a lack of readiness at that time, they do not necessarily invalidate an earlier otherwise proper statement of readiness (People v Anderson, 66 NY2d 529). It is only failures on the part of the People that present a direct, and virtually insurmountable, impediment to the trial’s very commencement that will be a basis for dismissal pursuant to CPL 30.30 (People v McKenna, 76 NY2d 59, 64). In McKenna, the People’s failure to provide Grand Jury minutes for the court’s review was an absolute impediment to the trial’s very commencement, and since there were no alternative remedies set forth in the statute, dismissal was required pursuant to CPL 30.30. However, where there are alternative sanctions or remedies that are specifically provided by the statute, there is no inherent power to dismiss pursuant to CPL 30.30 (People v McKenna, supra, at 61; People v Anderson, supra, at 537; People v Douglass, 60 NY2d 194; People v Howard, 235 AD2d 232, lv denied 89 NY2d 1036 [where the Court held that the People’s notice of readiness for trial was not illusory even though they subsequently filed a motion to consolidate]).
In view of the above, the defendant’s first argument must fail. The People’s notice of readiness filed prior to their motion to amend the indictment on December 6, 1996 was legally valid and sufficient to satisfy the requirements of CPL 30.30. The fact that the People subsequently moved to amend the indictment did not invalidate the prior statement of readiness since the motion to amend the indictment did not present a direct, and virtually insurmountable, impediment to the trial’s very *832 commencement. Amendment of the indictment is allowed at any time before or “during trial” (see, CPL 200.70 [1] [emphasis added]). Accordingly, any necessary amendment of the indictment to correct errors relating to matters of form including time, place, and date as reflected in the evidence before the Grand Jury that did not change the theory of prosecution was not an absolute impediment to commencement of the trial. The trial could have commenced with amendment of the indictment during the trial, unlike review of the Grand Jury minutes in McKenna (supra) which must take place prior to commencement of the trial. Also, dismissal pursuant to CPL 30.30 would not be appropriate since other sanctions or remedies are available by statute. CPL 200.70 (1) provides that the court must order any necessary adjournment of the proceedings to accord the defendant adequate opportunity to prepare his defense.
Since defendant’s failure on his first argument is dispositive of the motion, the court need not consider his second argument, but if the court did, the defendant would likewise fail on his second argument. The People’s cover letter to their affirmation in opposition to defendant’s omnibus motion filed with the court on February 21, 1997, and also with the defendant was a valid communication of their readiness for trial since it satisfied the objectives of CPL 30.30 by informing the court that the People were ready to proceed and objectively established a date on which such readiness occurred (People v Sutton, supra). Also, the defendant was not required to be rearraigned on the amended indictment since the amendment did not constitute the filing of a new indictment and did not represent a substantial break in the proceedings that required a new communication of readiness (People v Cortes, 80 NY2d 201, 214, supra).
Finally, defendant claims that dismissal should be granted based upon denial of his constitutional right to speedy trial pursuant to CPL 30.20. The five factors to be considered by the court in evaluating a defendant’s constitutional speedy trial claim are as follows: (1) the extent of the delay; (2) the reason for the delay; (3) the nature of the underlying charges; (4) whether there has been an extended period of pretrial incarceration; and (5) whether the defense may have been impaired by reason of the delay (see, People v Taranovich, 37 NY2d 442, 445). No one factor is decisive, however, and all must be evaluated against the purpose of CPL 30.20 and the constitutional provision (People v Taranovich, supra, at 445; People v Anderson, supra, at 537). The constitutional right to a speedy trial is similar to the right of due process by forbidding the *833 punishment of a defendant whose defense was, by reason of the delay, unduly prejudiced (see, People v Staley, 41 NY2d 789, 791). Various factors must be evaluated on an ad hoc basis since “no rigid precepts may be formulated which apply to each and every instance” (People v Taranovich, supra, at 445).
Considering the above factors, the delay in this case has been in excess of 14 months all while the defendant was incarcerated. The People have not addressed the issue of any reason for the delay in connection with defendant’s motion under CPL 30.20. Therefore, the court must consider this factor in favor of the defendant, however, inexcusable delay will not “in and of itself, be sufficient to warrant the drastic measure of dismissal of the indictment” (People v Taranovich, supra, at 446). The nature of the underlying charge is a serious offense, a class C violent felony offense as defined in Penal Law § 70.02 (1) (b). The defendant has not set forth any specific basis for any possible defense having been impaired by reason of the delay. The defendant only asserts conclusory allegations. On this point, it is important to note that the defendant has not filed a notice of alibi which could arguably give the defendant a specific basis for impairment of any possible defense. Also, the underlying facts of the case clearly show that the defense has not been impaired by reason of the delay. There are no eyewitnesses to the crime and the People’s proof consists of the defendant’s fingerprint having been found at the dwelling. Considering all of the above factors the court finds that there has been no unconstitutional delay in this case, especially in view of the seriousness of the charge and the lack of any demonstratable prejudice to the defendant (People v Watts, 57 NY2d 299; People v Cunningham, 222 AD2d 727, 729; People v Jones, 188 AD2d 745, 746; People v Crandall, 185 AD2d 476, 478, lv denied 80 NY2d 895).
Accordingly, defendant’s motion to dismiss pursuant to CPL 30.30 and 30.20 is denied in its entirety.