■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v CLAYTON MORGAN, Respondent. [710 NYS2d 546] —Appeal by the People from (1) an order of the Supreme Court, Kings County (Douglass, J.), dated January 22, 1999, which granted the defendant's motion to dismiss the indictment, and (2) so much of an order of the same court, dated June 21, 1999, as, upon reargument, adhered to the prior determination.

Ordered that the appeal from the order dated January 22, 1999, is dismissed, as that order was superseded by the order dated June 21, 1999, made upon reargument; and it is further,

Ordered that the order dated June 21, 1999, is reversed insofar as appealed from, on the law, upon reargument, the motion to dismiss the indictment is denied, the indictment is reinstated, the order dated January 22, 1999, is vacated, and the matter is remitted to the Supreme Court, Kings County, for further proceedings consistent herewith.

The Supreme Court erred in granting the defendant's motion to dismiss the indictment on the ground that he was denied his statutory right to a speedy trial (*see,* CPL 30.30). The People had 184 days from April 11, 1998, in which to announce their readiness for trial, and the Supreme Court found them chargeable with 190 days. Included therein was a period of 32 days, from October 16, 1998, to November 17, 1998, which was charged to the People upon a finding that the prosecution had failed to apply for the appointment of a Special Prosecutor, despite being aware that one would be required.

On October 9, 1998, however, an application for the appointment of a Special Prosecutor was in fact made by the District Attorney of Kings County pursuant to County Law § 701, although it was not until November 17, 1998, that the applica-

tion was finally determined by the Administrative Judge. Accordingly, the period of time from October 16, 1998, to November 17, 1998, should have been excluded because it resulted from an "exceptional circumstance" (CPL 30.30 [4] [g]; *People v Crandall,* 199 AD2d 867; *People v Crandall,* 185 AD2d 476) or because it was a reasonable period of time for the determination of the application (*see,* CPL 30.30 [4] [a]). Subtracting these 32 days from the 190 days charged to the People would bring them within the period provided by CPL 30.30 (1) (a).

In light of our determination, we need not reach the People's remaining contentions. Joy, J. P., Sullivan, Friedmann and H. Miller, JJ., concur.