THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v ROY TERRY, Respondent. [752 NYS2d 761] —Appeal from an order of Monroe County Court (Connell, J.), dated May 4, 2001, which granted defendant's motion to dismiss the indictment pursuant to CPL 30.30.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously reversed on the law, the motion is denied, the indictment is reinstated and the matter is remitted to Monroe County Court for further proceedings on the indictment.

Memorandum: The People appeal from an order granting defendant's motion to dismiss the indictment on statutory speedy trial grounds (*see* CPL 30.30 [1] [a]). In granting the motion, County Court determined that, despite their statement of readiness for trial, the People in fact were not ready for trial until they moved to amend the indictment to reflect the correct date of the alleged crimes, and that motion was not made within six months of the commencement of the criminal action. That was error. Defendant was arrested on June 16, 2000 at the scene of the underlying crimes, for allegedly stealing a car and causing a high speed police chase that resulted in serious injury to an innocent motorist. Defendant was held without bail and was eventually indicted on October 5, 2000. The indictment specified that the crimes had occurred on June 18, 2000. The People announced their readiness for trial at defendant's arraignment on October 13, 2000. On February 6, 2001, the date set for trial, the People moved to amend the indictment to reflect the correct date of the crimes, i.e., June 16, 2000. In opposing the motion, defendant contended that his previously undeclared alibi defense was now untenable because of the change in the date of the crimes charged. The court granted the People's motion to amend the indictment and adjourned the trial for discovery and motions. According to defense counsel, he had filed no motions and had conducted no discovery prior to that date because he did not want to alert the People to the error in the indictment. The court granted defendant's subsequent motion to dismiss the indictment.

We agree with the People that they were in fact ready for

trial within the six-month period. The amendment to correct the date of the crimes charged did not change the theory of the prosecution "or otherwise tend to prejudice the defendant on the merits," and thus the amendment was properly permitted (CPL 200.70 [1]). Defendant was arrested on the date of the crimes charged, at the crime scene, and thus can claim no genuine confusion over the date on which the crimes occurred (*see generally People v Butler,* 300 AD2d 1103). Moreover, defendant failed to comply with CPL 250.20 by failing to notify the People that he was relying on an alibi defense and thus will not be heard to contend that his previously undeclared alibi defense was rendered untenable. Pursuant to CPL 200.70, the indictment may be amended before or during trial to reflect, inter alia, the correct date of the crimes, and the amendment to the indictment herein had no effect on the People's readiness for trial (*see People v Jones,* 175 Misc 2d 828, 831-832). At the time of their announcement of readiness, "the People [were] in fact ready to proceed" (*People v Kendzia,* 64 NY2d 331, 337). Present—Hayes, J.P., Wisner, Hurlbutt, Scudder and Gorski, JJ.