People v Larkins (2022 NY Slip Op 50922(U))

[*1]

People v Larkins (Brianna)

2022 NY Slip Op 50922(U) [76 Misc 3d 133(A)]

Decided on September 16, 2022

Appellate Term, Second Department

Published by New York State Law Reporting Bureau
pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be
published in the printed Official Reports.

Decided on September 16, 2022
SUPREME COURT, APPELLATE TERM, SECOND
DEPARTMENT, 2d, 11th and 13th JUDICIAL DISTRICTS
PRESENT: : MICHELLE WESTON, J.P., WAVNY TOUSSAINT, CHEREÉ A.
BUGGS, JJ

2021-228 K CR

The People of the State of New York,
Appellant,
against
Brianna Larkins, Respondent. 

Richmond County District Attorney (Morrie I. Kleinbart and George D. Adames of counsel), for
appellant.
Kreisberg Maitland Mendelberg & O'Hearn, LLP (Gary Maitland of counsel), for
respondent.

Appeal from an order of the Criminal Court of the City of New York, Kings County
(Archana Rao, J.), rendered February 26, 2020. The order granted defendant's motion to dismiss
the accusatory instrument on statutory speedy trial grounds.

ORDERED that the order is reversed, on the law, defendant's motion to dismiss the
accusatory instrument on statutory speedy trial grounds is denied, without prejudice, and the
matter is remitted to the Criminal Court for all further proceedings.
Defendant was charged in a misdemeanor complaint with assault in the third degree (Penal
Law § 120.00 [1]), attempted assault in the third degree (Penal Law §§ 110.00,
120.00 [1]), menacing in the third degree (Penal Law § 120.15) and harassment in the
second degree (Penal Law § 240.26 [1]). At defendant's November 19, 2019 arraignment,
the Kings County District Attorney's Office requested that a special prosecutor be appointed,
since defendant was an employee of that office. By order dated December 5, 2019, the Supreme
Court, Kings County (Matthew J. D'Emic, J.), granted the request and ordered that "Michael E.
McMahon, District Attorney of Richmond County, is appointed to act as special district attorney
in [this] matter for all purposes."
On February 26, 2020, defendant orally moved in the Criminal Court to dismiss the
complaint, arguing that the People's statutory speedy trial time had expired. As of that date,
which was defendant's fourth court appearance including her arraignment, the special prosecutor
had never appeared in court or filed either a supporting deposition, necessary to convert the
complaint to an information, or a certificate of compliance, both of which were prerequisites to
declaring readiness and stopping the statutory speedy trial "clock" (see CPL 100.40 [10]
[b]; 245.50 [3]).[FN1]
The Criminal Court granted defendant's oral motion. We reverse. 
A motion to dismiss "must be made in writing and upon reasonable notice to the [P]eople"
(CPL 210.45; see People v
McKiver, 24 Misc 3d 78 [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2009]).
With respect to defendant's "oral motion to dismiss the accusatory instrument[] on statutory
speedy trial grounds, . . . the record does not indicate that the [special prosecutor] waived the
procedural requirement that such a motion be made in writing and, therefore, the motion [sh]ould
not have been considered" (People v
Sanok, 54 Misc 3d 140[A], 2017 NY Slip Op 50166[U], *2 [App Term, 2d Dept, 9th
& 10th Jud Dists 2017] [citation omitted]). 
Accordingly, the order is reversed and defendant's motion to dismiss the accusatory
instrument on statutory speedy trial grounds is denied.
WESTON, J.P., TOUSSAINT and BUGGS, JJ., concur.

ENTER:
Paul Kenny
Chief Clerk
Decision Date: September 16, 2022

Footnotes

Footnote 1:We note, as may become
pertinent upon remittitur of this mater, that "the appointment of a Special Prosecutor . . . is an
extraordinary circumstance excludable pursuant to CPL 30.30 (4) (g)" (People v
Crandall, 185 AD2d 476, 479 [1992]; see People v Morgan, 273 AD2d 323, 324
[2000]).