People v Abisdid (2024 NY Slip Op 24102)

[*1]

People v Abisdid

2024 NY Slip Op 24102

Decided on March 28, 2024

Criminal Court Of The City Of New York, Kings County

Robinson, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the printed Official Reports.

Decided on March 28, 2024
Criminal Court of the City of New York, Kings County

The People of the State of New York,

against
Chastidy Abisdid, Defendant.

Docket No. CR-033766-23KN

For Defendant: Sophie Whitin, Esq., Brooklyn Defender Services, 177 Livingston Street, 7th Floor, Brooklyn, NY 11201 
For the People: Daniel Serrano, Esq., Assistant District Attorney, Kings County, 320 Jay Street, 16th Floor, Brooklyn, NY 11201

Devin R. Robinson, J.

Defendant Chastidy Abisdid moves for an order of the court invalidating the People's Certificate of Compliance ("COC") and dismissing this action as a result of the People's failure to disclose certain discoverable materials within the applicable speedy trial time.
This court finds that the COC is invalid, and thus, the People's Statement of Readiness ("SOR") is illusory. There are 137 days charged to the People. Accordingly, Defendant's motion to dismiss the accusatory instrument is hereby GRANTED.
Background
On September 14, 2023, Defendant was arraigned on a misdemeanor complaint charging her with: Penal Law § 240.30(1)(a) Aggravated Harassment in the Second Degree (a class A misdemeanor); Penal Law § 240.30(1)(b) Aggravated Harassment in the Second Degree (a class A misdemeanor); Penal Law § 240.30(2) Aggravated Harassment in the Second Degree (a class A misdemeanor); and Penal Law § 240.26 Harassment in the Second Degree (a violation). At Defendant's arraignment, the matter was adjourned to November 2, 2023, for the parties to appear in Part AP2. On that date, the People announced not ready, and the matter was adjourned to December 15, 2023. The People filed and served their COC and SOR off-calendar on November 28, 2023. The People served supplemental COCs on December 27, 2023, December 28, 2023, and January 16, 2024 ("SCOC1," "SCOC2," and "SCOC3," respectively). Defendant filed the instant motion challenging the COC on January 29, 2024.

Discussion
CPL 30.30(1)(b) provides that, when a defendant is charged with a misdemeanor punishable by a sentence of more than three months, and no felonies, the action must be dismissed if the prosecution is not ready for trial within ninety days of its commencement.
To declare readiness for trial, the People must, among other things, file a valid COC (People v Larkins, 76 Misc 3d 133[A], 2022 NY Slip Op 50922[U], *1 [App Term, 2d, 11th & 13th Jud Dists 2022]). Defendant's motion seeks dismissal of the instant matter pursuant to CPL [*2]30.30 on the grounds that the People failed to comply with their discovery obligations, rendering their COC improper and SOR illusory.
CPL 245.20(1) provides that the People must disclose "all items and information that relate to the subject matter of the case and are in the possession, custody, or control of the prosecution or persons under the prosecution's direction or control." This subsection of the statute provides a non-exhaustive list of twenty-one categories that are included in the types of material required to be disclosed. "The People's 'possession' includes discoverable material that is in the possession of the police" (People v Cartagena, 76 Misc 3d 1214[A], 2022 NY Slip Op 50943[U], *2 [Crim Ct, Bronx County 2022], citing CPL 245.20[2]).
CPL 245.50(1) also requires the People to file a COC that certifies, in good faith, that: (1) they have "made available all known material and information subject to discovery" (see also People ex rel. Ferro v Brann, 197 AD3d 787, 787-88 [2d Dept 2021]); and (2) they have exercised "due diligence" and made "reasonable inquiries" to "ascertain the existence" of discoverable material (see also People v Hooks, 78 Misc 3d 398, 400 [Crim Ct, Kings County 2023]).
On a motion to declare a COC invalid, the defendant must first "identify a specific defect with the People's [COC]," then the burden shifts to the People to "demonstrate the propriety of their certification" (People v Brown, 74 Misc 3d 1227[A], 2022 NY Slip Op 50234[U], *2 [Albany City Ct 2022]). The People must explain, in detail, the reasonable inquiries they made to obtain the discoverable materials (People v Winston, 78 Misc 3d 1201[A], 2023 NY Slip Op 50130[U], *7 [Crim Ct, Bronx County 2023]; Brown, 74 Misc 3d 1227[A] at *2).
A. Timing of Defendant's Motion
The People ask this court to reject Defendant's motion to invalidate the COC and dismiss the accusatory instrument as untimely. Defendant argues that she filed her motion on time. The People base their argument on CPL 255.20, and Defendant argues that CPL 170.30 applies instead. As explained below, neither of those CPL provisions apply. Rather, CPL 245.50 sets the filing deadline for a motion to invalidate a COC. When applied, CPL 245.50 renders Defendant's motion timely.
The People argue that Defendant filed her motion in violation of CPL 255.20, which requires pretrial motions to be "served or filed within forty-five days after arraignment and before commencement of trial, or within such additional time as the court may fix upon application of the defendant made prior to entry of judgment." However, the People recognize that, in these circumstances, a pretrial motion to challenge a COC's validity will not be filed until after the COC is filed. Despite statutory guidelines directing that a COC should be filed within 35 days of a defendant's arraignment, in practice, it sometimes is not filed until more than 45 days have elapsed.
In recognition that CPL 255.20 cannot be applied as written for COC challenges, certain courts have held that a defendant must file such a motion within 45 days of the filing of the COC (People v Williams, 75 Misc 3d 1228[A], 2022 NY Slip Op 50681[U], *2 [Suffolk Dist Ct, 1st Dist 2022]; People v Clanton, 75 Misc 3d 1206[A], 2022 NY Slip Op 50401[U], *5 [Suffolk Dist Ct 2022]). The People argue that this court should apply such a rule here. In this case, Defendant filed the instant motion on January 29, 2024, which is 62 days after the People filed their original COC. Therefore, the People argue that the court should deny the motion as untimely.
In contrast, Defendant argues that this motion is brought pursuant to CPL 170.30(1)(e), [*3]and thus, the timing outlined in CPL 255.20 is not applicable. CPL 170.30(2) states that a motion to dismiss on speedy trial grounds brought pursuant to CPL 170.30(1)(e) "should be made prior to the commencement of trial or entry of a plea of guilty." While Defendant ultimately seeks dismissal on speedy trial grounds, this requested relief is dependent upon the portion of Defendant's motion that first seeks invalidation of the COC. Only if the COC is invalidated does the speedy trial clock continue to run, thereby creating the conditions for dismissal pursuant to CPL 30.30. Consequently, to the extent that CPL 255.20 applies, the timing of Defendant's motion is first governed by CPL 255.20 and not CPL 170.30 (Williams, 75 Misc 3d 1228[A] at *2). 
Separately, CPL 245.50 provides several criteria for a COC and a supplemental COC. It states that "[c]hallenges related to the sufficiency of a certificate of compliance or supplemental certificates of compliance shall be addressed by motion as soon as practicable" (CPL 245.50[4][c] [emphasis added]). Unlike CPL 255.20, CPL 245.50 directly addresses the timing of filing a motion challenging the validity of a COC. However, the deadline it provides is subjective. To provide guidance for such an indefinite deadline, the court in People v Lanfair (78 Misc 3d 371 [Cohoes City Ct 2023][FN1]
) suggests several factors, such as the length of the delay and the volume of discovery produced.
Thus, CPL 255.20 and 245.50 provide conflicting deadlines for filing a motion to invalidate the COC. "In the case of a conflict between a general statute and a special statute governing the same subject matter, the general statute must yield" (People ex rel. McCurdy v Warden, Westchester County Corr. Facility, 164 AD3d 692, 693—94 [2d Dept 2018], affd, 36 NY3d 251 [2020], quoting In re Enf't of Tax Liens ex rel. County of Orange, 75 AD3d 224, 234 [2d Dept 2010]). Here, the general statute is CPL 255.20, which concerns pretrial motions by and large. The special statute is CPL 245.50 because it explicitly addresses the timing of a motion challenging a COC's validity. Accordingly, CPL 245.50, not CPL 255.20, determines the filing for a motion challenging the validity of the COC.[FN2]

Moreover, the application of CPL 245.50 and its flexible deadline is consistent with the CPL's overall discovery scheme. First, it fosters disclosure by allowing the parties time to obtain and provide discovery in accordance with CPL 245.20(7), which states that "[t]here shall be a presumption in favor of disclosure when interpreting sections 245.10 and 245.25, and subdivision one of section 245.20, of this article." Second, it supports the parties' efforts to resolve discovery disputes without resorting to motion practice in accordance with both CPL 245.35, which seeks to streamline discovery disputes, and 245.35(1), which authorizes a court to issue an order "[r]equiring that the prosecutor and counsel for the defendant diligently confer to attempt to reach an accommodation as to any dispute concerning discovery prior to seeking a ruling from the court."
Here, the People filed their COC on November 28, 2023 (Affirmation of Sophie Whitin ["Whitin Aff."] at ¶ 5). The parties subsequently conferred about discovery (id. at ¶¶ 8, 11). The [*4]People produced additional discovery on December 27 and 28, 2023, and again on January 16, 2024, along with SCOC1, SCOC2, and SCOC3, respectively (id. at ¶¶ 9, 10, 13). Understandably, it did not become clear that the People and Defendant could not completely resolve all discovery disputes until after the People served SCOC3 on January 16, 2024. Defendant filed her motion on January 29, 2024, less than two weeks later. This court finds that Defendant filed her motion "as soon as practicable" pursuant to CPL 245.50(4).
B. Validity of the People's COC
CPL 245.10(1)(a)(ii) states that "[w]hen the defendant is not in custody during the pendency of the criminal case, the prosecution shall perform its initial discovery obligations within thirty-five calendar days after the defendant's arraignment on an indictment, superior court information, prosecutor's information, information, simplified information, misdemeanor complaint or felony complaint." In the event that certain discoverable materials are "exceptionally voluminous or, despite diligent good faith efforts, are otherwise not in the actual possession of the prosecution," the People are permitted up to a total of 65 calendar days to comply with their discovery obligations (CPL 245.10[a]). Here, the People filed their COC on November 28, 2023, which was 75 days after Defendant's arraignment. The People do not explain their delay.
Defendant's motion argues that the COC is invalid because the People belatedly disclosed: (i) Giglio records for Officer Gonzalez and Detective Kalinowski; (ii) the scratch Domestic Incident Report ("DIR"); and (iii) the activity log of Officer Gibbons-Smalls. Defendant's motion further argues that the COC is invalid because the People failed to disclose: (i) underlying attachments to IAB logs and an unredacted CCRB report disclosed for Detective Kalinowski; (ii) the online Arrest Coversheet; (iii) activity logs for Detectives Kalinowski and Aponte; and (iv) the complainant/victim information sheet.
1. Belated Disclosures
On December 27, 2023, the People disclosed Giglio letters and CCRB records for Detective Kalinowski and Officer Gonzalez, as well as underlying Giglio documents for Detective Kalinowski. On the same date, the People filed SCOC1. Pursuant to CPL 245.50(1-a), a supplemental COC must "detail the basis for the delayed disclosure so that the court may determine whether the delayed disclosure impacts the propriety of the certificate of compliance." SCOC1 indicated that the People "were not aware of the existence" of the belatedly disclosed materials (Defendant's Exhibit D). This is not a sufficient explanation for the People's untimely sharing of those Giglio documents that were in their or the NYPD's possession, though it may be a sufficient excuse with regard to the CCRB records only. As previously noted, the People are imputed with possession of any discoverable materials in the actual possession of the NYPD (CPL 245.20[2]), which would include disciplinary information.
On December 28, 2023, the People disclosed the scratch DIR and filed SCOC2. On January 16, 2024, the People disclosed the activity log of Officer Gibbons-Smalls and filed SCOC3. Both SCOC2 and SCOC3 stated that the reason for the belated disclosures was that the materials "were not made available to the People at the time of filing of the original [COC]" (Defendant's Exhibits E and H). Because these documents are typically maintained by the NYPD (see also Serrano Aff. at ¶ 12 and People's Exhibit E), the People are deemed to have been in possession of them since the commencement of this action (CPL 245.20[2]). Thus, the reasons for each of the People's belated disclosures are insufficient to maintain the validity of the original COC.
2.Missing Discovery
a. Giglio and CCRB Records
Defendant argues that the People's COC is invalid because the People failed to disclose Giglio records and CCRB materials for five non-testifying law enforcement officials, as well as unredacted CCRB materials underlying attachments to disclosures for one testifying law enforcement official, Detective Kalinowski. The People argue that CPL 245.20 does not require disclosure of any disciplinary materials for any non-testifying law enforcement and does not require disclosure of underlying records for any involved officials.
This court has previously held that CPL 245.20(1)(k) requires the disclosure of complete police disciplinary records, including underlying records, for all potential police witnesses (People v Sylvestre, 200 NYS3d 891, 898 [Crim Ct, Kings County 2023], citing People v Hamizane, 80 Misc 3d 7 [App Term, 2d Dept, 9th & 10th Jud Dists 2023]). In Hamizane, the Appellate Term held that, "with respect to every listed potential police witness, it was the People's obligation to disclose whether or not disciplinary records exist, and to provide the defense with copies of any existing records" to satisfy the People's obligations under CPL 245.20(1)(k)(iv) (Hamizane, 80 Misc 3d at 11 [emphasis added]). Because the People's Notice/Disclosure Form identifies Detective Kalinowski as a potential law enforcement witness, in accordance with Hamizane, the People were required to disclose all records, including underlying attachments, for him in their or NYPD's possession. 
With regard to CCRB records specifically, the People are not imputed with their possession, because the CCRB is not a law enforcement agency. However, the People must disclose CCRB material in their possession. The People argue that their disclosure of a redacted CCRB report for Detective Kalinowski was proper without a protective order because they do not believe the redacted information is related to the subject matter of the case (People's Memorandum of Law at 20). The People additionally assert that the redactions of social security and tax numbers permitted by CPL 245.20(6) does not constitute an exhaustive list of what the People may redact (id). First, the disclosure of disciplinary materials is not limited to information that relates to the subject matter of the case or to the prosecution of a charge (Hamizane at 669, citing People v Garrett, 23 NY3d 878 [2014]).
In addition to the redaction permitted by CPL 245.20(6), CPL 245.20(1)(c) permits redaction of information regarding confidential informants, and CPL 245.20(1)(d) allows redaction of information identifying undercover police. Thus, the People may not make the unilateral decision to redact information contained in discoverable documents unless it is permitted by one of these subsections. The People make no such argument here. This court rejects the People's contention that the listed permitted redactions are not exhaustive, as none of the cited subsections contain the "including, but not limited to" language that exists in other parts of the statute. As such, if the People believed that any information in the CCRB report for Detective Kalinowski should have been withheld, they should have applied for a protective order under CPL 245.70 (People v Best, 76 Misc 3d 1210[A], 2022 NY Slip Op 50859[U], *6 [Crim Ct, Queens County 2022]).
Additionally, this court finds that officers' disciplinary records may be relevant to issues other than impeachment of a testifying witness, such as "negating a defendant's guilt" or "supporting a potential defense" (People v Peralta, 79 Misc 3d 945, 955 [Crim Ct 2023]; Figueroa, 76 Misc 3d at 894-895). Indeed, CPL 245.20(1)(k) itself states that in addition to evidence that tends to impeach a prosecution witness's credibility, the People must disclose "all [*5]evidence and information that tends to: (i) negate the defendant's guilt as to a charged offense" or "(ii) reduce the degree of or mitigate the defendant's culpability as to a charged offense[.]" As such, the People were obligated by the statute to turn over complete disciplinary materials for the remaining involved officers. To the extent that these materials are CCRB records, the People must produce them or make diligent efforts to make them available for discovery (CPL 245.20[2]). They make no showing of any such efforts in their opposition papers for the non-testifying officers.
In light of the foregoing deficiencies, the People's COC is invalid. 
b. Online Arrest Coversheet
The People argue that the Kings County Online Arrest Coversheet is not discoverable. In their words, the Arrest Coversheet "is a document containing the name of the defendant, the arrest number, date and time of arrest, and the contact information for the arresting officer" (People's Memorandum of Law at 9). This court finds that this document is discoverable pursuant to CPL 245.20(1)(d), which requires production of names and other information about law enforcement with knowledge of the matter, subsection (e), which requires disclosure of "all police reports, notes of police and other investigators, and law enforcement agency reports," and subsection (r), which directs the People to provide the "approximate date, time and place of the offense or offenses charged and of the defendant's seizure and arrest."
c. Activity Logs of Detectives Kalinowski and Aponte
 Aponte & Complainant/Victim Information Sheet
The People state that the Complaint/victim Information Sheet and activity logs for Detectives Kalinoswki and Aponte do not exist (Affirmation of ADA Daniel Serrano at ¶ 10; People's Memorandum of Law at 6). Accordingly, the nondisclosure of these materials does not impact the People's COC.
C. Dismissal of the Action
Because the top charge in this matter is a misdemeanor, the case must be dismissed when the prosecution is not ready for trial within ninety days of the commencement of a criminal action (CPL 30.30[1][b]).
There are 137 days charged to the People:
Defendant was arraigned on September 14, 2023, and the parties next appeared on November 2, 2023. 49 days charged.
On November 2, 2023, the People announced not ready, and the matter was adjourned once again. The People filed and served their COC and SOR off-calendar on November 28, 2023. 26 days charged.
The Court finds that the People's COC is invalid given the People's failure to satisfy their discovery obligations. As such, the People's SOR is illusory, and the People's filings did not stop the running of the speedy trial clock (People v Brown, 214 AD3d 823, 825 [2d Dept 2023]). Thus, all of the days between the People's filing of the original COC (November 28, 2023) and Defendant's filing of the instant motion (January 29, 2024) are chargeable to the People. 62 days charged.
137 total days charged.
The People have exceeded the 90 days permitted by CPL 30.30 to declare readiness for trial.
The People argue that the dismissal is not an appropriate remedy in this instance. The standard for filing a valid COC is clear, and the consequences for not filing a valid COC by the [*6]90-day deadline are unambiguous. As the Court of Appeals held definitively in People v Bay (— NE3d —, 2023 NY Slip Op 06407 [Ct App Dec. 14, 2023]), dismissal is required when (i) the People's COC is invalid and (ii) the People were not ready for trial within the time prescribed by CPL 30.30.
Accordingly, it is hereby:
ORDERED, that Defendant's motion to dismiss the accusatory instrument is granted. The matter is ordered dismissed and sealed.

Footnotes

Footnote 1:
 Interestingly, the court in Lanfair also includes as one of the factors the applicability of statutory deadlines, such as those in CPL 245.10 and CPL 255.20 (Lanfair, 78 Misc 3d at 375).

Footnote 2:This holding does not render CPL 255.20 superfluous, as the statute still applies to other pretrial motions (Majewski v Broadalbin-Perth Central School District, 91 NY2d 577, 587 [1998] [holding that "a construction that would render a provision superfluous is to be avoided"]).