People v James (2024 NY Slip Op 50570(U))

[*1]

People v James

2024 NY Slip Op 50570(U)

Decided on May 13, 2024

Criminal Court Of The City Of New York, Kings County

Robinson, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on May 13, 2024
Criminal Court of the City of New York, Kings County

The People of the State of New York,

against
Yawana James, Defendant.

Docket No. CR-037879-23KN

For Defendant: Justine M. Luongo, Esq. and Leila Selchaif, Esq., The Legal Aid Society, 111 Livingston Street, 10th Floor, Brooklyn, NY 11201 
For the People: Rafael De Leon, Esq., Assistant District Attorney, Kings County, 320 Jay Street, Brooklyn, NY 11201

Devin R. Robinson, J.

Defendant Yawana James moves for an order of the court dismissing this action as a result of the People's failure to disclose certain materials pursuant to CPL 245.20 within the applicable speedy trial time.
This court finds that the People's Certificate of Compliance ("COC") is invalid, and thus, the People's Statement of Readiness ("SOR") is illusory. There are at least 102 days charged to the People. Accordingly, Defendant's motion to dismiss the accusatory instrument is hereby GRANTED.
Background
On October 15, 2023, Defendant was arraigned on a misdemeanor complaint, which charged her with: Vehicle and Traffic Law § 1192(3) Driving While Intoxicated (an unclassified misdemeanor); Vehicle and Traffic Law § 1192(2) Driving While Intoxicated Per Se (an unclassified misdemeanor); and Vehicle and Traffic Law § 1192(1) Driving While Ability Impaired (a traffic infraction).
At Defendant's arraignment, the matter was adjourned to November 13, 2023, for the parties to appear in Part DWI. On that date, the People were not ready, and the case was then adjourned to December 7, 2023, and thereafter to January 25, 2024. The People filed and served their COC and SOR off-calendar on December 14, 2023. On January 23, 2024, the People filed a supplemental COC ("SCOC"). At the parties' appearance on January 25, 2024, the court set a motion schedule for the instant motion.
Discussion
CPL 30.30(1)(b) provides that, when a defendant is charged with a misdemeanor punishable by a sentence of more than three months, and no felonies, the action must be dismissed if the prosecution is not ready for trial within ninety days of its commencement.
To declare readiness for trial, the People must, among other things, file a valid COC (People v Larkins, 76 Misc 3d 133[A], 2022 NY Slip Op 50922[U], *1 [App Term, 2d, 11th & 13th Jud Dists 2022]). Defendant's motion seeks dismissal of the instant matter pursuant to CPL 30.30 on the grounds that the People failed to comply with their discovery obligations, rendering [*2]their COC improper and SOR illusory.
CPL 245.20(1) provides that the People must disclose "all items and information that relate to the subject matter of the case and are in the possession, custody, or control of the prosecution or persons under the prosecution's direction or control." This subsection of the statute provides a non-exhaustive list of twenty-one categories that are included in the types of material required to be disclosed. "The People's 'possession' includes discoverable material that is in the possession of the police" (People v Cartagena, 76 Misc 3d 1214[A], 2022 NY Slip Op 50943[U], *2 [Crim Ct, Bronx County 2022], citing CPL 245.20[2]).
CPL 245.50(1) also requires the People to file a COC that certifies, in good faith, that: (1) they have "made available all known material and information subject to discovery" (see also People ex rel. Ferro v Brann, 197 AD3d 787, 787—88 [2d Dept 2021]); and (2) they have exercised "due diligence" and made "reasonable inquiries" to "ascertain the existence" of discoverable material (see also People v Hooks, 78 Misc 3d 398, 400 [Crim Ct, Kings County 2023]).
On a motion to declare a COC invalid, the defendant must first "identify a specific defect with the People's [COC]," then the burden shifts to the People to "demonstrate the propriety of their certification" (People v Brown, 74 Misc 3d 1227[A], 2022 NY Slip Op 50234[U], *2 [Albany City Ct 2022]). The People must explain, in detail, the reasonable inquiries they made to obtain the discoverable materials (People v Winston, 78 Misc 3d 1201[A], 2023 NY Slip Op 50130[U], *7 [Crim Ct, Bronx County 2023]; Brown, 74 Misc 3d 1227[A] at *2).
A. Validity of the People's COC
Defendant argues that the People failed to produce various materials that are discoverable under CPL 245.20(1). In opposition, the People argue that Defendant's objections are untimely and that they otherwise satisfied their discovery obligations. This court will address the timeliness of Defendant's objections first, and then the merits of Defendant's arguments seeking invalidation of the COC and dismissal.
1. Timeliness of Defendant's Objections
Article 245 of the CPL provides for the procedure and timing of discovery and resolving of discovery disputes in criminal actions. To begin with, CPL 245.10(1)(a)(ii) states that, "[w]hen the defendant is not in custody during the pendency of the criminal case, the prosecution shall perform its initial discovery obligations within thirty-five calendar days after the defendant's arraignment . . . ." Thus, once the People make their initial production in a misdemeanor case such as this, the parties would have the remaining 55 days to resolve any discovery disputes before the CPL 30.30 deadline.
To that end, Article 245 of the CPL requires a defendant to resolve discovery disputes expediently. CPL 245.50(4)(b) states that, "[t]o the extent that the party is aware of a potential defect or deficiency related to a certificate of compliance or supplemental certificate of compliance, the party entitled to disclosure shall notify or alert the opposing party as soon as practicable." Likewise, CPL 245.50(4)(b) states that "[c]hallenges related to the sufficiency of a certificate of compliance or supplemental certificates of compliance shall be addressed by motion as soon as practicable . . . ."
CPL 245.50(3) requires the People to file a valid COC in order to declare readiness for [*3]trial. Based on the 35-day deadline for initial production in CPL 245.10 and the directive to resolve discovery disputes "as soon as practicable", it is reasonable to conclude that the CPL intends for discovery, including resolution of all discovery disputes, to be completed within the time to declare trial readiness set forth in CPL 30.30.
Here, the People filed and served their COC on December 14, 2024, which was 60 days after Defendant's arraignment. Thus, the date of filing exceeded the deadline in CPL 245.10 by 25 days. The CPL contains no explicit consequence for violating the deadline in CPL 245.10. However, the ultimate consequence for a delay in resolving a discovery dispute has been born out in recent case law. In People v Bay (—NE3d&mdash, 2023 NY Slip Op 06407 [2023]), the Court of Appeals held that the People's failure to comply with their discovery obligations set forth in CPL 245.20 and 245.50 invalidates the COC and may result in dismissal, regardless of any lack of prejudice to a criminal defendant. Therefore, the People have every incentive to provide discovery and resolve any discovery disputes prior to the expiration of the defendant's speedy trial time (see generally Hooks, 78 Misc 3d at 402 [discussing the consequences for producing discovery well after the CPL 245.10 deadline and resolving disputes after the deadline to declare ready for trial]). By not completing initial discovery until the 60th day after arraignment, the People increased the risk that this case would be dismissed if the COC is found invalid.
Similarly, Defendant did not advise the People of her objections to the People's disclosures until January 11, 2024, 28 days after the People filed their COC. In reply, Defendant does not explain this delay or otherwise address whether timing of her objections was as soon as practicable. Under these circumstances, this court finds that Defendant did not comply with CPL 245.40(4)(b). Like CPL 245.10, there is no expressed consequence for violating CPL 245.50(4)(b), but a delay in objecting to the People's discovery increases the risk that the COC may be found invalid after the CPL 30.30 deadline, which results in dismissal.
Both the People and Defendant delayed this court's determination of the COC's validity, and for approximately the same amount of time. Had either the People or Defendant acted in accordance with their respective deadlines, this court could have addressed the validity of the COC prior to the readiness deadline. Accordingly, this court will impose a consequence that seeks to strike a balance between forbidding Defendant to object and ignoring the delays entirely.
To this end, Defendant contends that the COC is invalid because of materials the People agreed to produce but did so untimely, and materials the People refused to produce. As to the materials the People agreed to produce, the court finds that, under these circumstances, such untimely disclosure does not invalidate the COC because the materials could have been timely produced had the parties conferred about them sooner.[FN1]
These materials include certain gas chromatography data and certifications, the command log [FN2]
, and the complaint report. As to the [*4]materials the People refuse to produce, such as certain metadata for video footage and disciplinary material for certain officers, the parties' delays become less relevant because the People never intended to produce these materials. Accordingly, the court will determine whether the failure to produce them invalidates the COC.
2. Missing Discovery
a. Audit Trails
Defendant contends that the People have not disclosed certain metadata in the form of audit trails for body-worn camera footage. The People argue that they produced certain metadata, but not other metadata. However, the People do not explain what this other metadata is or why they believe it is not relevant, other than that it contains no factual assertions.
The People also argue that the BWC audit trails are not discoverable. In People v Ballard (82 Misc 3d 403 [Crim Ct, Queens County 2023]), the court conducted an evidentiary hearing concerning BWC and BWC audit trails. Following the testimony of the Director of the NYPD BWC Unit Legal Bureau, the court held that BWC audit trails are automatically discoverable pursuant to multiple sections of CPL 245.20 because they: (1) contain written statements by police (CPL 245.20[1][e]); (2) may tend to impeach a testifying prosecution witness (CPL 245.20[1][k][iv]; (3) are electronic information created and obtained on behalf of law enforcement (CPL 245.20[1][u][i][B]); and (4) there is a mandatory presumption of openness when interpreting discovery and the "subject matter of the case" (CPL 245.20[7]) (id. at 411—15). This court agrees with the Ballard court's findings.
Additionally, the People argue that they filed their COC in good faith because they relied on decisions that held that audit trails were not discoverable. Were courts to accept such a rule, no court could ever invalidate a COC on a basis where at least one judge held the material to be non-discoverable. Such a course would entirely undermine both CPL 245.20 and 245.50, and so this court declines to adopt the People's argument.
Accordingly, this court finds that the disclosure of BWC audit trails is mandatory automatic discovery under CPL 245.20(1), and the People's COC is invalidated for their nondisclosure.
b. Disciplinary Records
Defendant argues that the People failed to disclose: underlying IAB documents for certain officers; updated CCRB materials for certain officers; documents from a pending 2021 firearms charge for Officer Abreaugerez; and civil suit filings for certain officers.
This court has previously held that CPL 245.20(1)(k) requires the disclosure of complete police disciplinary records for all potential police witnesses (People v Sylvestre, 200 NYS3d 891, 898 [Crim Ct, Kings County 2023], citing People v Hamizane, 80 Misc 3d 7 [App Term, 2d Dept, 9th & 10th Jud Dists 2023]). In Hamizane, the Appellate Term held that, "with respect to every listed potential police witness, it was the People's obligation to disclose whether or not disciplinary records exist, and to provide the defense with copies of any existing records" to satisfy the People's obligations under CPL 245.20(1)(k)(iv) (Hamizane, 80 Misc 3d at 11 [emphasis added]). The People's Notice/Disclosure Form ("NDF") on file with the court indicates that all of the involved officers are potential police witnesses. Accordingly, the People were obligated to produce all police disciplinary records for the involved law enforcement [*5]officers.
Regarding any updated CCRB records, such records are not typically automatically deemed to be in the People's possession because the CCRB is not a law enforcement agency (People v Carter, 76 Misc 3d 1206 [A], 2022 NY Slip Op 50837 [U], *6 [Crim Ct, Bronx County 2022]). Likewise, civil suit records are not in the People's possession. When such documents are not in the People's possession, the People must, pursuant to CPL 245.20(2), "make a diligent, good faith effort to ascertain the existence of [such] material or information" (People v Sanders, 78 Misc 3d 1209[A], 2023 NY Slip Op. 50190[U], *4 [Crim Ct, NY County 2023]; Peralta, 79 Misc 3d at 953). The People do not cite any efforts to ascertain the existence of these documents.[FN3]

In light of the foregoing, the People's COC is invalid.
B. Dismissal of the Action
Because the top charge in this matter is a misdemeanor, the case must be dismissed when the prosecution is not ready for trial within ninety days of the commencement of a criminal action (CPL 30.30[1][b]).
There are 102 days charged to the People:
Defendant was arraigned on October 15, 2023, and the parties next appeared on November 13, 2023. 29 days charged.
On that date, the People were not ready, and the next appeared on December 7, 2023. 24 days charged.
At the December 7th appearance, the People answered not ready once again, and the matter was adjourned for discovery compliance. The People filed and served their COC and SOR off-calendar on December 14, 2023. 7 days charged.
The Court finds that the People's SOR was illusory given the People's failure to satisfy their discovery obligations. As such, the People's COC an SOR did not stop the running of the speedy trial clock (People v Brown, 214 AD3d 823, 825 [2d Dept 2023]), and all of the days between the People's filing of the COC and SOR on December 14, 2023, and the setting of the motion schedule at the next appearance on January 25, 2024 are chargeable to the People. 42 days charged.
102 total days charged.
The People have exceeded the 90 days permitted by CPL 30.30 to declare readiness for trial.
Accordingly, it is hereby:
ORDERED, that Defendant's motion to dismiss the accusatory instrument is granted.
Dated: May 13, 2024
Brooklyn, New York
SO ORDERED:
Hon. Devin R. Robinson
Judge, Criminal Court of the City of New York, Kings County

Footnotes

Footnote 1:Defendant also disputes the propriety of the People's service of the supplemental COC and additional materials via the same OneDrive link used for the initial production. Because this court holds that any belatedly produced materials does not invalidate the COC, this issue is moot.

Footnote 2:The People agreed to produce this document but are awaiting it from law enforcement (Affirmation of Rafael De Leon ["De Leon Aff."] at ¶ 15[3]).

Footnote 3:It is unclear if the People are in possession of the documents relating to the firearms charge. Assuming they are not, the People would still need to show effort to ascertain the existence of the documents, which the People have not done.